## HUGH DAVID BUTLER, ALIAS, V. THE STATE.

No. 11109.   Delivered February 1, 1928.

Rehearing denied State March 7, 1928.

**1.—Murder—Charge of Court—On Manslaughter—Too Restrictive.**

Where, on a trial for murder, the evidence disclosing that at the time of the killing the deceased, Melford Long, and his brother, Ben Long, were all making an attack on appellant and communicated threats to kill appellant, made by the deceased, were shown, it was error in submitting the law of manslaughter for the court to restrict the jury in determining the adequacy of the provocation to the acts of the deceased and of Ben Long, done at the *time of the killing,* and to threats made by deceased or Ben Long *to the defendant at the time.* See Brookerson v. State, 242 S. W. 234, and other cases cited.

**2.—Same—Continued.**

If the facts showing adequate cause are collated they should be correctly stated. Especially is it error to mention a single attack, where the evidence raises the issue of a joint one, and which further restricts the jury's consideration to matters happening at the very time of the homicide, where there is in evidence matters happening prior thereto, which might render all the facts in evidence, constitute adequate cause. Wheeler v. State, 54 Tex. Crim. Rep. 51; Miles v. State, 18 Tex. Crim. App. 170, and Branch's P. C., Sec. 2049.

**3.—Same—Bill of Exception—To Exclusion of Evidence—Insufficient.**

Where a bill of exception complains of the exclusion of a statement claimed to be res gestae, but the bill fails to show the proximity of time and place, and such circumstances as showed the spontaneity of the statement, such bill is insufficient to present error.

**4.—Same—Bills of Exception—Qualification of Court—When Excepted To— Rule Stated.**

We again call all trial courts' attention to the law which forbids our consideration of a qualification to a bill of exception, when excepted to by the appellant. Where an exception is taken to the qualification it is the trial court's duty to file a proper bill, failing in which we will be forced to consider such qualified bill without the qualification. See Rochelle v. State, 294 S. W. 860, and other cases cited.

ON REHEARING BY STATE.

**5.—Same—No Error Disclosed.**

On reconsideration in response to the motion for rehearing by the state we are unable to agree that our disposition of this appeal in our original opinion was not correct, and the state's motion is overruled.

Appeal from the District Court of Limestone County. Tried below before the Hon. J. R. Bell, Judge.

Appeal from a conviction for murder, penalty ninety-nine years in the penitentiary.

The opinion states the case.

*Ira Lawley* of Groesbeck, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Offense murder, penalty ninety-nine years in the penitentiary.

Appellant killed Lester Bolton. A few days prior to the killing appellant had a fight with Milford Long, brother-in-law of deceased. Appellant introduced evidence of communicated threats made by deceased against him to a third person when he heard of this fight; also that Milford Long, his brother Ben and deceased, all three, hunted for appellant on the day of the homicide, found him at a carnival stand, from whence appellant ran to an adjoining stand, pursued by the three, and where he was attacked by Ben Long with a scantling, at which time he shot Ben Long, and almost immediately thereafter shot deceased. The issue of manslaughter was overwhelmingly raised by the evidence.

In charging upon this issue, the court said in part: "In determining the adequacy of the provocation * * * if you find that by reason of anything deceased did *at the time,* or by reason of anything deceased and Ben Long did *at the time,* or by reason of any threats made by deceased, or by Ben Long, made *to the defendant at the time,*" etc.

This charge restricted the jury's consideration to acts and threats of Ben Long or deceased "at the time" of the killing. It eliminated a consideration by the jury of a joint attack, by the three, or at least the joint action of the three above set out, and also eliminated previous threats made by deceased to third persons and thereafter communicated to appellant.

This charge was unduly restrictive under the facts of this case and has been many times condemned. Brookerson v. State, 242 S. W. 234; Norris v. State, 42 Tex. Crim. Rep. 567; Gant v. State, 55 Tex. Crim. Rep. 291.

If the facts showing adequate cause are collated, they should be correctly stated. Wheeler v. State, 54 Tex. Crim. Rep. 51; Branch's P. C., Sec. 2048. Especially is it error to mention a single attack when the evidence raises the issue of a joint one, and which further restricts the jury's consideration to matters

happening at the very time of the homicide when there are in evidence matters happening prior thereto which might under all the facts in evidence constitute adequate cause. Miles v. State, 18 Tex. Crim. App. 170; Branch's P. C., Sec. 2049. It is always dangerous to give a charge attempting to group the facts showing adequate cause in a manslaughter case.

A bill of exception appears in the record to the court's refusal to permit the witness Molin to testify to a purported res gestae statement of Milford Long to the effect that they (meaning himself, Ben Long and deceased) went out there "to get appellant but he beat them to it." If the proximity of time and place and such circumstances as showed the spontaneity of this statement had been shown in the bill, it would present a serious question, but the bill is deficient in these respects and will not be considered. It is qualified in such manner as to show no error but the qualification was properly excepted to by appellant. We again call all trial courts' attention to the law which forbids our consideration of a qualification thus 'excepted to. Rochelle v. State, 294 S. W. 860; Ariola v. State, 289 S. W. 385. It is the trial court's duty to file a proper bill under such circumstances, failing in which, we will be forced to consider such bills without the qualifications. We say this in view of another trial and especially in view of the number of bills in the record in this condition, most of which, however, present frivolous matters not worthy of discussion.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING BY STATE.

LATTIMORE, JUDGE.—The state contends in its motion that we erred in holding the charge on adequate cause too restrictive. The court's charge on adequate cause is plainly so confusing and restrictive as to be capable of great harm. While same did in words tell the jury that they must consider all the facts and circumstances in the case in determining the adequacy of the provocation, yet in immediate connection therewith and as part of the same paragraph the court said:

"* * * and if you find that by reason of anything the deceased did at the time or by reason of anything the deceased and Ben

Long did at the time, or by reason of any threat or threats made by the deceased or by said Ben Long made to the defendant, if any, at the time, that the defendant's mind at the time of the killing was incapable of cool reflection and that said facts and circumstances, if any, were sufficient to produce such state of mind in a person of ordinary temper, then the proof as to the sufficiency of the provocation satisfies the requirements of the law in this regard."

When the facts of a case show, as in this one, the presence of other prior facts and circumstances which might cause or contribute to produce the passion, excitement, etc., deemed by our statute to be adequate cause, and the possible acts of persons other than those named, the court should not in whole or in part restrict the jury's consideration of same to what occurs at the time, nor to the acts of the specified persons. As stated in the original opinion, threats and acts of said parties at other times and places were in evidence and might be considered by the jury in connection with what occurred at the time, in determining the question of adequate cause.

The motion for rehearing is overruled.

*Overruled.*