ALBERT VANDORFF v. THE STATE.

No. 13681. Delivered November 12; 1930.
Reported in 32 S. W. (2d) 468.

The opinion states the case.

*C. C. Fillmore* of Wheeler, and *Lewis M. Goodrich* and *Clayton Heare,* both of Shamrock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ten years.

J. R. Arnold, deceased, and appellant were negroes in the employ of one Will Dan, who operated a filling station and cafe. Appellant was the cook, while deceased worked in the garage adjoining the cafe. A few days prior to the homicide, appellant loaned deceased five dollars. He thereafter made repeated requests for the return of the money, but deceased failed to pay him. On the day of the homicide appellant had in his possession a shirt belonging to deceased. Deceased sent a request to appellant that the shirt be returned. Appellant replied that he would let deceased have the shirt when he paid him what he owed him. Upon receiving this information, deceased said to appellant: "I am going to show those half-bad bastards something." Appellant said to deceased: "Do you know who you are talking to?" Deceased replied: "All I want is my shirt." After this conversation appellant returned to his work and deceased continued his work in the garage, where he and two others were working on a Studebaker automobile. Twenty-five or thirty minutes after the quarrel with deceased, appellant went back to the garage, drew a pistol and shot deceased several times. It appears that death was instantaneous. According to appellant's testimony, he believed that deceased was about to attack him at the time he shot. He testified that deceased had threatened to kill him and that he knew that deceased had theretofore killed a negro. It was the state's theory, given support in the testimony, that appellant armed himself and went to the garage for the purpose of killing deceased. State's witnesses testified that deceased made a demonstration toward appellant with a pump, which he had secured after the first difficulty.

Bill of exception No. 3 relates to the action of the court in refusing to permit appellant to testify that he stated to the arresting officer that he had to shoot the deceased because deceased was about to kill him. The state objected to the proposed testimony on the ground that it was not part of the res gestae and was self-serving. The objection was sustained. It is recited in the bill of exception that after the homicide appellant entered an automobile with another negro and drove about three blocks in search of an officer,

and that when they found the officer appellant made the statement above referred to in response to a question by the officer. The bill concludes as follows:

"And the court sustained the objection and would not permit the answer to go to the jury to which action of the court defendant excepted contending that this statement by the defendant was part of the res gestae. That it was only a few minutes after the shooting and that it was spontaneous and voluntary, and was made before the defendant could have had an opportunity to lay any plans for his defense."

The quoted portion of the bill embraces a mere statement of the contention made by appellant at the time he urged the admissibility of the testimony. We do not understand it to be a certificate on the part of the trial judge that the statement in question was made a few minutes after the shooting, and that it was spontaneous and voluntary. It is observed that appellant returned to the cafe after he had shot deceased and made a statement to the proprietor of the cafe, in which he declared his reasons, according to the testimony of the witness, for killing deceased. After appellant had made this statement, the proprietor of the cafe had two men place appellant in an automobile for the purpose of taking him to an officer. It is not shown in the bill of exception how long it took the parties to find an officer. Moreover, it is not shown that the statement was spontaneous. It was incumbent upon appellant to show, not only the proximity of time and place, but such circumstances as disclosed the spontaneity of the statement. Butler v. State, 109 Tex. Cr. R. 113, 3 S. W. (2d) 101. The opinion is expressed that the bill of exception is insufficient.

In paragraph 4 of the charge the court instructed the jury as follows:

"To warrant a conviction for murder the jury must be satisfied from the evidence, beyond a reasonable doubt, that the homicide was committed under circumstances which would not reduce the offense to negligent homicide or which would excuse or justify the killing."

This paragraph was excepted to on the ground that it was confusing, contradictory and misleading, and permitted a conviction even though the killing might have been justified.

In paragraph 2 of the charge the court instructed the jury as follows:

"Murder shall be distinguished from every other species of homicide by the absence of circumstances which reduce the offense to negligent homicide, or which excuse or justify the killing."

In paragraphs 11, 12, 13 and 14 the court fully presented the law of self-defense. We think it obvious that the charge in question, if erroneous, when considered in connection with the entire charge of the court, was not calculated to injure appellant's rights. We are not permitted, under the provisions of Art 666, C. C. P., to reverse for an error in the charge unless such error was calculated to injure the rights of the accused.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.