Marvin Wayne DORY, Appellant,

v.

The STATE of Texas, State.

No. 2–82–066–CR.

Court of Appeals of Texas, Fort Worth.

Feb. 16, 1983.

John C. Beatty, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Fort Worth, and James J. Heinemann, Asst. Dist. Atty., for State.

**650**

Before FENDER, C.J., and HUGHES and BURDOCK, JJ.

## OPINION

HUGHES, Justice.

Appellant, Marvin Wayne Dory, was convicted by a jury of the offense of unauthorized use of a motor vehicle. V.T.C.A. Penal Code, § 31.07. The jury found that Dory had been properly convicted of a prior felony, sentenced him to fifteen (15) years imprisonment, and fined him $5,000.00.

We affirm.

Dory avers that the trial court erred in: (1) excluding the testimony of defense witness Spencer as hearsay; (2) refusing to grant a requested charge upon the defense of mistake of fact; (3) refusing to grant a requested charge to the jury; (4) its answer to a note from the jury, which inquired of the court which count of the indictment should be first considered; and (5) overruling Dory's objection to a comment made by the prosecutor during the punishment phase of trial, as outside of the record.

A brief recitation of the testimony follows: On the evening of September 23, 1981, the manager of a Fort Worth restaurant noticed a man, later identified by police as Dory, who was looking into parked automobiles on 12th Street, walking slowly, and furtively looking from side to side. Dory lifted the hood of a parked car and pulled out a long steel bar, which he used to pry open a front vent window of the car. At that point the manager went inside the restaurant and called police. When the manager returned outside he saw Dory enter the vehicle, and heard the noise of breaking plastic as Dory destroyed part of the dashboard, removed the ignition switch, and "hot wired" the car. As he attempted to drive away, Dory collided with the curb and with another car. A police patrol unit arrived at this point; officers blocked Dory's exit route and arrested Dory. By happenstance, the owner of the automobile drove by the scene in a company car, and observed the damage to his automobile and presence of the police. The owner parked his company car; identified himself to police; and informed them that Dory did not have permission to enter or move his automobile.

The first ground of error alleges that the trial court erred in excluding the testimony of defense witness Linda Spencer, on the theory that her testimony constituted inadmissible hearsay. Defense counsel perfected his bill of exception, and we note that Spencer would have testified that Dory told her that an unidentified man had asked several people, including Dory, to take him downtown to get his automobile. Spencer would have further testified that this man had offered to pay Dory $10.00 to take him to downtown Fort Worth, and that Dory told Spencer that he planned to do so. Dory would have us rule that this testimony, though self-serving, and removed in time from Dory's arrest, was admissible under the "res gestae" exception to the "hearsay rule". We are aware of the confusion surrounding the determination of what sorts of declarations are, or are not, "res gestae" of the offense with which they relate. The standard for such a determination is far from firm. "In determining whether statements are admissible as res gestae, each case must be considered on its own merits." *Scott v. State,* 564 S.W.2d 759, 760 (Tex.Cr.App.1978). In the present case, the record reflects that a time period of approximately 30 minutes separated the alleged conversation between Dory and Linda Spencer, and the time of Dory's later arrest on 12th Street. Of course, statements or declarations that are part of the res gestae may either precede or follow the principal facts or transaction to which they relate. (*See* 24 Tex.Jur.2d *Evidence* § 585 (1961).) However, when, as in this case, a self-serving res gestae statement or declaration is not contemporaneous with the principal act, the accused has the burden to show not only proximity of time and place, but also such circumstances as disclose the spontaneity of the statement. *Vandorff v. State,* 116 Tex.Cr.R. 448, 32 S.W.2d 468, 469 (Tex.Cr.App.1930). In other words, the accused in these circumstances has the burden

to show that the statement was made under circumstances that did not permit any opportunity for reflection, premeditation, or fabrication. *Mills v. State,* 626 S.W.2d 583, 585–6 (Tex.App.—Amarillo 1981). "The basis underlying the admission of this class of evidence is a psychological one, namely, the fact that when a (person) is in the instant grip of violent emotion, excitement or pain, (s)he ordinarily loses the capacity for reflection necessary to the fabrication of a falsehood, and 'the truth will out'. The test to be applied in determining the admissibility of this class of evidence is the spontaneity or impulsiveness of the declaration." [Footnotes to authority omitted.] 1A Ray, Texas Practice, Res Gestae, § 913 (West, 3rd ed. 1980). *See also, Sellers v. State,* 588 S.W.2d 915, 918 (Tex.Cr.App.1979); citing Ray, *supra,* "At any rate the cases make it clear that a startling event, in one or the other of these senses is required, . . . as furnishing a circumstantial basis for believing that the declaration was made under stress of excitement." [Footnotes to authority omitted.] Ray, *supra,* pp. 156 and 160. We hold that when the circumstances indicate, as they do here, that the declaration in question was deliberate, and not the spontaneous result of an exciting event which was closely related to the offense or arrest, and in the face of a proper objection on that ground, the fact that the declaration is self-serving may properly be considered by the court in determining whether it was actually res gestae of the event or arrest in question. Dory failed to meet his burden to show such circumstances as would disclose the spontaneity of the statement allegedly made to Spencer, and we sustain the trial court's exclusion of Spencer's testimony with respect to the alleged statement made to her by Dory. Ground of error one is overruled.

 Dory's second ground of error urges that the trial court erred in refusing his requested charge to the jury. This requested charge would have stated that it is a defense to prosecution for unauthorized use of a motor vehicle that a person, through mistake, formed a reasonable belief about a matter of fact, if his mistaken

belief negated the kind of culpability required for commission of that offense. Dory contends that the following exchange at trial clearly indicates that Dory thought he was assisting the owner of the automobile when he entered and operated it, thus negating the kind of culpability required for the commission of the offense, and raising the defense of mistake of fact (see V.T.C.A. Penal Code, § 8.02):

Q. About what time of the evening are we talking about now, Linda, approximately?

A. Between 7:30 and 8:00 o'clock.

Q. Did Marvin leave the house after he came back to the house from the laundromat?

A. Yes.

Q. Where did he go?

A. *He was going downtown to help a man get his car—*

MR. MACKEY: Your Honor, at this time we object as to personal knowledge or otherwise.

THE COURT: Sustained. [Emphasis supplied.]

At this point the jury was removed and the court heard argument of counsel concerning whether the proffered testimony of Linda Spencer constituted "res gestae" of the offense. (See our decision sustaining the Court's decision that it did not, above.) At the conclusion of argument of counsel on this point, the court reaffirmed its earlier ruling, sustaining the State's objection to Spencer's remark that "He was going downtown to help a man get his car—", and preventing further hearsay testimony from Spencer. The above quoted sentence was never completed, as a proper objection that defense counsel's question called for a hearsay response was made and sustained. Spencer's hearsay answer was therefore not in evidence; and the State's failure to ask the court to instruct the jury to disregard the partial answer is immaterial, because hearsay which has been properly objected to, and which does not fall within a recognized exception to the hearsay rule, is no evidence at all. " 'Mere hearsay is not only

not the best, it is not even secondary, evidence; it is no evidence. It is not admissible, although no better evidence is to be obtained.'" *Ex parte Martinez,* 530 S.W.2d 578, 580 (Tex.Cr.App.1975). Therefore, the requested instruction was properly denied, as there was no basis in the evidence adduced at trial for a charge pertaining to mistake of fact. Dory's second ground of error is overruled.

■ Dory's third ground of error maintains that the trial court erred in refusing to grant a requested charge to the jury, which read as follows:

> After you retire to the jury room, you should select one of your number as your foreman. It is his or her duty to preside at your deliberations, vote with you, when you have unanimously agreed upon a verdict, *if you are so able,* to certify your verdict by using one of the attached forms and signing the same as your foreman. [Emphasis supplied.]

Dory maintains that the above emphasized language is necessary; as otherwise the charge is coercive, tending to require the jury to unanimously agree on a verdict, and forcing a hypothetical juror holding a minority view during deliberations to surrender his conscientiously held opinion in order to vote with the majority, and reach the unanimous agreement "required" by such a charge. The charge given by the trial court did not include the complained of language. This, Dory argues, diminished the burden of proof imposed on the State. We disagree. We have examined the court's charge, and conclude that it adequately and distinctly explains and presents the applicable law, sufficiently protects Dory's rights, and complies with V.A.C.C.P. art. 36.14. *See* also, *Parker v. State,* 594 S.W.2d 419, 424 (Tex. Cr.App.1980).

■ Ground of error four alleges that the trial court erred in its answer to a note from the jury which inquired into which count in the indictment they were to consider. After retiring to reach a verdict on guilt or innocence, the jury sent out a note which read: "May we vote only on count # 2 and not on count # 3? (Expand please upon paragraph G in the charge.)" The court answered, "MEMBERS OF THE JURY: In answer to your note which I have marked as C–1 and is attached hereto, the answer is yes. You are directed to page two, paragraph four of the charge." Counsel were given an opportunity to object, and defense counsel stated at that time, "Your Honor, as I have related to the Court, we would have no objection to directing the jury's attention to paragraph four of page two, but we would object to the affirmative answer of 'yes' on your answer." This oral objection was overruled. This, Dory argues, prevented the jury from fully considering all issues raised by the evidence, and constituted a direct comment on the weight of the evidence, as the court emphasized the count pertaining to unauthorized use of a motor vehicle, suggesting that a conviction on that count would be proper. We disagree. Our review of the charge, the note from the jury, and the answer given the jury by the court, reveals that: Dory was afforded a fair and impartial trial; the answer to the note from the jury was not calculated to injure the rights of the defendant; and, that the alleged error in the court's reply, if error at all, was not fundamental. *See* V.A.C.C.P. art. 36.27; and V.A.C.C.P. art. 36.19.

■ Dory's fifth, and final, ground of error complains of error when the trial court overruled Dory's objection to one of the prosecutor's comments, at the punishment phase of the trial, as outside the record. We shall set forth the remark complained of in context, as follows:

> Don't you know, ladies and gentlemen, (the victim) has some right to park his car anywhere in Fort Worth, Tarrant County, Texas, and have some protection? And that's another reason why your sentence, your penalty, your verdict as jurors of Tarrant County, Texas, is most important in this case. *For you see, you are not dealing with someone, an 18-year-old who made a mistake—*
>
> DEFENSE COUNSEL: Your Honor, there is no evidence how old this Defendant is. We make an objection to the 18-year-old reference that Counsel makes.

THE COURT: Overruled.

THE PROSECUTOR: And as you see him here, ladies and gentlemen, you are not—you are dealing with a man who has been down to the Penitentiary; a man who was given mercy by Judge Gordon Gray in his infinite wisdom at that time; but you now have the benefit of knowing that this man is a professional in his career. He has chosen that career. He has chosen this path, not you folks; and you have the right to assess the full range of punishment if you feel the case is aggravated, ... [Emphasis added.]

"It is settled that the approved general areas of jury argument, within which all proper arguments must fall are: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and, (4) plea for law enforcement.... Even when an argument exceeds the permissible bounds of the above areas, such will not constitute reversible error unless, in the light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute or injects new facts, harmful to the accused into the trial proceeding." *Todd v. State,* 598 S.W.2d 286, 297–8 (Tex. Cr.App.1980). Dory asserts, correctly, that there was no evidence of his age adduced at trial. The State argues that Dory's physical appearance was such that the jury could easily judge him to be older than 18 years of age. We cannot accept the State's invitation to look beyond the cold record to agree that this was a reasonable deduction from the evidence. However, while the specific complained of phrase within the prosecutor's argument exceeded the bounds of a reasonable deduction from the evidence, it was not, in the light of the record as a whole, extreme or manifestly improper, or violative of mandatory statutes, nor did it inject new facts which were harmful to the accused. Thus, the phrase uttered by the prosecutor as a part of the above quoted argument did not constitute reversible error. *Todd v. State, supra.* We overrule Dory's final ground of error.

Dory's conviction is, therefore, affirmed.