**Marvin Craig WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 83 213 CR.**

Court of Appeals of Texas, Beaumont.

Aug. 23, 1984.

Douglas Barlow, Beaumont, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was indicted for aggravated robbery occurring at a supermarket in Beaumont on November 29, 1982, enhanced by a prior conviction in Cause No. 240519, Harris County, for burglary of a building dated August 24, 1976; also enhanced by a prior conviction in Cause No. 287560, Harris County, for theft dated March 16, 1979. A jury found appellant guilty and assessed punishment at life in the Texas Department of Corrections. Appellant has perfected appeal to this Court.

At the outset we note that in addition to a thorough and able brief filed by appellant's attorney, we have a pro se brief filed by appellant. "There is no right to hybrid representation"; therefore, the pro se brief presents nothing for review. *Rudd v. State*, 616 S.W.2d 623, 625 (Tex. Crim.App.1981).

Appellant's first three grounds of error (grouped in his brief) complain of the admission of State's Exhibits 18 and 19. Exhibit 18 was a conviction in Cause No. 163129 in Harris County for shoplifting, and said exhibit also contained a record in Cause No. 177323, Harris County for shoplifting. Exhibit 19 contained an additional record of conviction in Cause No. 238657, Harris County, for theft.

Cause No. 240519, in State's Exhibit 19, burglary of a building in Harris County,

and Cause No. 287560, theft in Harris County in State's Exhibit 20, were both alleged in the indictment. Appellant pled "True" to these convictions, but urges that the records in Causes No. 163129, No. 177323, and No. 238657 were not admissible, as the identity was not sufficiently proven, citing *Daniel v. State*, 585 S.W.2d 688 (Tex.Crim.App.1979).

In *Daniel v. State, supra*, the Court reflected it had approved several different means by which it may be proven that a defendant is the person previously convicted:

1. Testimony of a witness who personally knows the defendant and the fact of his prior conviction and identifies him.

2. Stipulation or judicial admission of the defendant that he has been so convicted.

3. Introduction of certified copies of the judgment and sentence and record of the Texas Department of Corrections or a county jail *including* fingerprints of the accused supported by expert testimony identifying them with known prints of the defendant. (Emphasis in *Daniel* opinion.)

4. Comparison by the fact finder of a record of conviction which contains photographs and a detailed physical description of the named person, with the appearance of the defendant, present in court.

State's Exhibits 18 and 19 are "pen packets". The following testimony is found in the record:

"Q State's Exhibit Number 18, there's a photograph of an individual in this document. Do you recognize the photograph of that individual (tendering Exhibit to witness)?

"A (Examining) Yes.

"Q And who is that a photograph of?

"A That's me.

"Q State's Exhibit Number 19, there's a photograph of an individual in that Exhibit. Who is that a photograph of (tendering Exhibit to witness)?

"A (Examining) Me.

"Q Now, then, if you would, please look at this document and tell me if this document refers to you (tendering to witness)?

"A (Reading document) It has my name on it. That has my name on it.

"Q Does that refer to you?

"A Yes."

■ The convictions in each exhibit were pronounced on the same day; the lawyers were the same. State's Exhibit 20 went into evidence without objection. Appellant pled "True" to Cause No. 287560, felony theft. This packet contains a photograph of appellant. It is clearly the same individual whose photograph appears in Exhibits 18 and 19. These grounds of error are overruled.

Appellant's grounds of error four to eight (grouped in his brief) urge a reply of the court to a question from the jury was not responsive, constituted a comment on the weight of the evidence, misled the jury, misstated the law, and should have referred the jury to the charge.

The record reflects the following:

"THE COURT: Would you show that we have received a note from the jury asking 'what is shoplifting and what is felony shoplifting?'"

The court sent the following reply to the jury:

"The attached items reflect the law of shoplifting as it existed prior to 1974. After that date, the specific crime of shoplifting was abolished and incorporated into the general theft statute with it now being required that the value of the property stolen exceed $750 to constitute a felony."

To this communication the judge attached the shoplifting statute before it was repealed.

■ Appellant argues he was not on trial for shoplifting and the jury should not have been concerned with this law. The question asked by the jury was during the punishment phase of the trial when they had before them his prior conviction of shoplift-

ing. It was, therefore, relevant and legitimate for the jury to be concerned with the nature, extent, and gravity of prior convictions. *TEX.CODE CRIM.PROC.ANN. art. 37.07, sec. 3(a)* (Vernon 1981) provides:

> "Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character...."

*Byrd v. State*, 495 S.W.2d 226, 228 (Tex. Crim.App.1973).

In *Patterson v. State*, 632 S.W.2d 809, 812 (Tex.App.—Houston [14th Dist.] 1982, disc. rev. ref'd), the jury asked:

> " 'When is a conviction final, with respect to that phrase in the charge to the jury?' "

The court's response was:

> "[A] conviction is final if a defendant is sentenced and, after ten days passes, no notice of appeal is given; finality is determined as of the date of the sentence. A conviction is final if a defendant is sentenced, after giving notice of appeal, the Court of Criminal Appeals issues a mandate affirming the defendant's convictions; finality is determined as of the date of the sentence."

■ The court held that this was not a comment on the weight of the evidence and did not inject new facts for the jury's consideration; that it was in accord with the law, and did not benefit the State or injure appellant. *See also Dory v. State*, 646 S.W.2d 648, 652 (Tex.App.—Fort Worth 1983, disc. rev. ref'd). This ground is overruled.

■ Appellant's final ground of error contends the trial court failed to comply with *TEX.CODE CRIM.PROC.ANN. art. 36.27* (Vernon 1981), when communicating with the jury. The record shows no such trial objection, so on appeal, it is presumed the actions of the trial court were consistent with the statute. *Smith v. State*, 513 S.W.2d 823, 829 (Tex.Crim.App.1974); *Verret v. State*, 470 S.W.2d 883 (Tex.Crim.App.

1971); *Lindley v. State*, 629 S.W.2d 844 (Tex.App.—Houston [14th Dist.] 1982, no writ). This ground is overruled.

The judgment of the trial court is affirmed.

Affirmed.