**Harold Lee REDO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 86 066 CR.**

Court of Appeals of Texas,
Beaumont.

Dec. 3, 1986.

Hugh O'Fiel, Beaumont, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

OPINION

BURGESS, Justice.

On November 14, 1985, appellant entered a plea of guilty to delivery of a controlled substance and plead true to a prior conviction. At this hearing, the court made it clear to appellant that the court rejected all plea bargain agreements and informed appellant he could withdraw his plea. Appellant stated he desired to continue. The court accepted the guilty plea and ordered a pre-sentence investigation. On December 16, 1985, appellant was brought before the court and the following exchange occurred:

THE COURT: Mr. Redo, after we took your plea the other day I received a writ from you, a writ of habeas corpus, claiming that the judgment had become final and you are asking that a writ issue for your release. Is that correct?

THE DEFENDANT: Yes.

THE COURT: How can it become final when I haven't decided the punishment, sir?

THE DEFENDANT: I think I said it hasn't become final yet.

THE COURT: Number 1 says that the trial court has jurisdiction, that the conviction, being a final conviction for delivery of a controlled substance in Cause number 45,290, and that is the case that we are on right now.

THE DEFENDANT: That was my mistake.

THE COURT: Sir?

THE DEFENDANT: That was my mistake,—(mumbling)—seeing it is not final.

THE COURT: Well, you can't file a writ until it is final.

THE DEFENDANT: My reason for filing, Your Honor, was in my motion that I had filed before—(unintelligible mumbling)—

THE COURT: I can't hear you, speak up.

THE DEFENDANT: —never really was heard. And I was arrested on this a year ago and until today I still haven't received a copy of the indictment.

THE COURT: You also in this writ state that your plea wasn't voluntary, your plea that you entered back on November 14 was not voluntary. Is that correct?

THE DEFENDANT: Not really, no.

THE COURT: What do you mean not really?

THE DEFENDANT: Because I was going on the advice of my attorney.

THE COURT: So it wasn't voluntary?

THE DEFENDANT: Not really, no, sir. The only reason why I didn't want to plead guilty to it because it is I haven't received a copy of the indictment.

THE COURT: Okay, we are not going to let you plead guilty.

The Court having considered the comments of the defendant, rejects the plea bargain agreement. The case will be set on the trial docket.

■ Subsequently, on a plea of not guilty, appellant was tried before a jury. The jury found appellant guilty and assessed his punishment at ninety-nine years in the Texas Department of Corrections. Appellant does not challenge the sufficiency of the evidence or allege any error from this jury trial. Appellant alleges the trial court abused its discretion by withdrawing appellant's plea of guilty and erred in setting aside the guilty plea and forcing appellant to trial in violation of the double jeopardy clauses of the United States and Texas Constitutions.[1]

1. Appellant has filed a pro se brief alleging additional grounds of error. A defendant is not entitled to hybrid representation; *Stephen v. State,* 677 S.W.2d 42 (Tex.Crim.App.1984).

■ It is axiomatic that a plea of guilty in any felony case must be free and voluntary for a trial court to accept it. *TEX. CODE CRIM.PROC.ANN. art. 26.13(b)* (Vernon Supp.1986); *Ex Parte Young,* 644 S.W.2d 3 (Tex.Crim.App.1983). The purpose and function of *art. 26.13* are to ensure that the pleas entered and accepted by the trial court are constitutionally valid. Its dictates must be substantially complied with. *Meyers v. State,* 623 S.W.2d 397 (Tex.Crim.App.1981). A guilty plea is constitutionally valid when voluntary and intelligently made; if made upon the advice of attorney, then counsel must be reasonably competent and render effective assistance. *Meyers, supra; Ex Parte Evans,* 690 S.W.2d 274 (Tex.Crim.App.1985).

■ In this instance, the court obviously felt the plea of guilty was not a voluntary one and might subject the plea to post-conviction attack. He was required to follow the dictates of *art. 26.13.* We find no error. The grounds of error are overruled and the judgment affirmed.

AFFIRMED.

Since there is no right to forward his hybrid claims, nothing is presented for review. *White v. State,* 677 S.W.2d 683 (Tex.App.—Beaumont 1984, no pet.).