Alan Ray BERRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–88–012–CR.

Court of Appeals of Texas, Texarkana.

Sept. 13, 1988.

Webb Biard, Biard, Payne & Grossnickle, Paris, for appellant.

Tom Wells, Dist. Atty. of Lamar County, Paris, for appellee.

GRANT, Justice.

Alan Ray Berry appeals his conviction for attempted murder. The jury assessed Berry's punishment at fifteen years of imprisonment. Berry contends the trial court committed reversible error by excluding an exculpatory statement that he had made to the arresting officers.

The evidence shows that Berry shot his wife, Teresa Berry, in the face with a Derringer pistol. After the shooting,[1] Berry ran down the block to his brother's house to use the telephone. The paramedics received this call at 8:42 p.m. Berry and his brother returned to Berry's house. The paramedics arrived at 8:49 p.m. A police officer, who arrived at the scene after the paramedics, read Berry his *Miranda* rights.[2] At that time, Berry made a statement to the officer that "he had carried a Derringer pistol into his house and his wife Teresa tried to grab it and it went off." Berry also made this statement to other police officers. Defense counsel attempted to elicit this testimony from both the officer and Berry. The trial court sustained the prosecuting attorney's objection to each attempt, and the defense counsel made an offer of proof in respect to each witness' testimony. Berry contends the exculpatory statement made to the police officer was

*res gestae* of the shooting and was therefore improperly excluded.

Tex.R.Crim.Evid. 803(2) provides that a statement is not excluded by the hearsay rule if it is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." There are three requirements for admissibility under the excited utterance exception: there must have been an exciting event, the statement must have been a spontaneous reaction to the event, and the statement must relate to the event. *Ward v. State*, 657 S.W.2d 133 (Tex.Crim.App. 1983); *Graham v. State*, 486 S.W.2d 92 (Tex.Crim.App.1972); *Cano v. State*, 663 S.W.2d 598 (Tex.App.–Austin 1983, no pet.). One recognized treatise provides further elucidation:

> [T]he declaration must be made within such time after the shock as, under the particular circumstances, to indicate that the declarant is still dominated by emotion, and has not returned to normal calmness. Obviously, the time that has elapsed between the event and the declaration is a vital factor in determining this question in each case.

1A R. Ray, *Texas Law of Evidence Civil and Criminal* § 917 (Texas Practice 3d ed. 1980). When an accused seeks to introduce an exculpatory statement under Tex.R. Crim.Evid. 803(2), he bears the burden of affirmatively demonstrating it was made under circumstances not permitting reflection or fabrication. *Vandorff v. State*, 116 Tex.Crim. 448, 32 S.W.2d 468 (1930); *Dory v. State*, 646 S.W.2d 648 (Tex.App.–Fort Worth 1983, pet. ref'd).[3] The trial court is afforded great latitude in its determination of whether these preliminary requirements of admissibility have been met. *Davis v. State*, 148 Tex.Crim. 499, 188 S.W.2d 397

---

**1.** The record does not reflect the actual time of the shooting. Teresa Berry testified that Alan Berry arrived home at 6:30 p.m. and that they argued for one or two hours before he shot her. Her testimony would establish the time of the shooting as being somewhere between 7:30 p.m. and 8:30 p.m. Alan Berry testified he arrived home "late," they fought for an hour, and then the shooting occurred.

**2.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**3.** However, a statement is not objectionable merely because it is self-serving. *See*, 1A R. Ray, *Texas Law of Evidence Civil and Criminal* § 922 (Texas Practice 3d ed. 1980).

**14**

(1945); Tex.R.Crim.Evid. 104(a); 1A R. Ray, *Texas Law of Evidence Civil and Criminal* § 917 (Texas Practice 3d ed. 1980).

 Berry has failed to satisfy these requirements. The record does not demonstrate the amount of time that had elapsed between the shooting and the making of the statement. Also, Berry's summoning of emergency medical personnel indicates he was operating with his normal faculties rather than being in a state of shock. Although Berry's offer of proof indicates the statement was made, there is no demonstration that the trial court erred by not admitting the hearsay statement under Tex.R.Crim.Evid. 803(2).

Berry and his brother both testified to the essential elements of the statement. Berry testified that his wife grabbed the gun and it discharged. Berry's brother testified that shortly after the shooting, Berry told him it was an accident. No harm results when evidence is excluded if other evidence of substantially the same nature is admitted. *Womble v. State,* 618 S.W.2d 59 (Tex.Crim.App.1981); *Johnson v. State,* 604 S.W.2d 128 (Tex.Crim.App.1980). Berry's testimony relates to the jury his version of the occurrence, and his brother's testimony confirms that his statements made after the occurrence were consistent with his testimony of how the shooting occurred.

Accordingly, we conclude the trial court did not commit reversible error by excluding the exculpatory statement and we affirm.