# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00066-CR

**John Alexander, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. 568,935, HONORABLE MIKE DENTON, JUDGE PRESIDING

In a bench trial, John Alexander was found guilty of assault causing bodily injury.[1] The trial court assessed his punishment at 200 days in the county jail. Notice of appeal was given.

### Point of Error

Appellant advances a single point of error: "The trial court erred in admitting into evidence hearsay statements of the police officer when the evidence did not support a finding that the statements were admissible under the excited utterance exception to the hearsay rule." *See* Tex. R. Evid. 803(2).[2] We will affirm.

---

[1] *See* Tex. Penal Code Ann. § 22.01(a)(1) (West Supp. 2001).

[2] Rule 803(2) provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

## Background

The sufficiency of the evidence is not challenged. A brief summary of the facts is necessary to place the point of error in proper perspective. When the trial commenced, the complainant, Linda Benford, was not present.[3] Austin Police Officer Paul Harper was the State's first and only witness. He testified that about 3:30 p.m. on September 23, 2000, he and his partner, Officer Manahan, responded to a 911 call and went immediately to a motel on IH-35 where a Darrell Habbit led them to a house at 7312 Bethune Avenue. It was there that Harper first encountered Benford, who exited a car in the backyard, appeared hysterical, and began yelling, "He did it, He did it to my eye." Benford gestured to appellant, the only male present. As Benford continued shouting, Officer Harper concluded that she was "very, very upset" and under the stress of an exciting event. Benford's left eye was swollen with the appearance of a black eye in the formative stage. There was also a scratch mark on her chest.

Harper talked first to appellant Alexander and then to his cousin, Tonya Barnett. Approximately thirty minutes later, he talked to Benford, who had calmed down but was still upset. She was crying and in pain. From Harper's testimony, it appears Benford volunteered her story and that it was not developed by interrogation.

---

(2) Excited Utterance. A statement relating to a startling event or condition while the declarant was under the stress of excitement caused by the event or condition.

Tex. R. Evid. 803(2).

[3] Prior to trial, Benford had executed an affidavit of non-prosecution. She was present in court in the morning but not when the trial began in the afternoon.

2

Benford told Officer Harper that she and appellant were girlfriend-boyfriend; that appellant did not pick her up at work as agreed; that she was walking to the bus stop on Colton Bluff Springs Road when appellant drove up; and that he got out of the car, called her a "bitch," and struck her in the face ten times with his fist. She yelled for someone to call the police without any response. Appellant grabbed her purse and the strap broke. Thereafter, under circumstances not clearly stated by Benford, appellant and Benford drove to the Bethune address. There, appellant demanded her cell phone. Benford lied and said that she lost it out of her purse. According to Benford's statements to Officer Harper, appellant got out of the car to look for the phone. Benford then used the phone to call Darrell Habbit and asked him to call the police. Shortly thereafter, when appellant returned, he accused Benford of lying and began to choke her and kicked her when she attempted to leave the car.

After Harper's testimony, the State, without objection, introduced State's exhibit no. 2 (photograph) showing Benford's facial injuries at the time and State's exhibit no. 3, an "assault victim statement" executed by Benford on September 23, 2000, detailing that appellant had hit, kicked, pushed, and choked her, and stating she had an injury to her eye.

Before resting at the guilt-innocence stage of the trial, the prosecutor, with appellant's consent, "informed" the trial court that Benford had made two subsequent oral statements to different prosecutors. One was made on the day Benford filed an affidavit of non-prosecution and the other was made in the courtroom on the morning of the trial. As recounted by the trial prosecutor, the facts varied somewhat, but both statements agreed that appellant grabbed Benford's purse, the strap broke, and that appellant accidently hit Benford in the eye with his elbow when both sought to retrieve the purse at the same time.

3

Appellant testified that he had been convicted of three felonies but served the sentences concurrently. He related that about 3:00 p.m. on the date in question he was seated on the front porch at the Bethune address with his "other girlfriend" in his lap. At this time, Benford drove up and told him that she had "caught him"; that he tried to get Benford to leave and they argued; that the "other girlfriend" began to approach them; and that to keep the women apart he grabbed at Benford's purse and accidently hit her in the eye. Appellant did not know how the police were called, but they arrived within three or five minutes after the incident. He denied that he ever punched, pushed, or choked Benford.

At the penalty stage of the trial, the State offered no further evidence. Appellant called Benford, who had returned to the courtroom. She reiterated appellant's version of the incident and claimed appellant accidently hit her in the eye. When some question of the propriety of Benford's testimony on the issue of punishment arose, the trial court permitted appellant to reopen the guilt-innocence stage. Benford then related that she told the officer she had been assaulted because she was angry appellant had another girlfriend. Benford stated she and appellant lived together from January to September 2000 when the incident occurred.

The trial court found appellant guilty and assessed 200 days in the county jail as punishment and made a finding of family violence. *See* Tex. Code Crim. Proc. Ann. art. 42.013 (West Supp. 2001).

**Discussion**

Appellant does not specify just which hearsay statements Benford made to Officer Harper were improperly admitted as excited utterances. It is clear that some of the statements were admitted without objection. Thus, no error was preserved for review as to these statements. *See* Tex. R. App. P. 33.1. After Harper had related Benford's outcry statements upon his arrival at the scene and described her emotional state and her injuries without objection, appellant took the witness on voir dire examination. Thereafter, appellant's trial counsel stated:

> Judge, I would ask that before we go into this excited utterance, that the State flush [sic] out a little bit about the time disparity and also the fact that this location was a different location from which this alleged assault occurred.

The State obliged and inquired of Harper as to his conversation with Benford as to the location where the assault occurred. It was established that Benford was assaulted first on Colton Bluff Springs Road and then again at 7312 Bethune shortly before the officers arrived. The State then asked to offer the balance of Benford's conversation with Harper under the excited utterance exception of the hearsay rule in light of earlier evidence and the "continuing assaultive incident."

Appellant's counsel responded:

> Well, Judge, I don't believe it's clear from the officer's testimony exactly what amount of time transpired, where these locations are. We can't really get a good handle on what amount of time might have elapsed, and I think in an abundance of caution it shouldn't be allowed in.

5

The trial court overruled the objection, pointing out that time was only one factor to be considered and that a major factor was the emotional state of the individual and whether the individual was still under the stress of the event.

This is the only trial objection made to the complained-of testimony. Complaints on appeal must comport with the trial objection or nothing is presented for review. *Fuller v. State*, 827 S.W.2d 919, 928 (Tex. Crim. App. 1992); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); *Carroll v. State*, 911 S.W.2d 210, 218 n.3 (Tex. App.—Austin 1995, no pet.). Thus, appellant's complaint on appeal is limited to the time factor to be considered in the admission of evidence under the excited utterance exception to the hearsay rule.

**Standard of Review**

Appellant's contention is reviewable under an abuse of discretion standard. *Salazar v. State*, 38 S.W.3d 141, 154 (Tex. Crim. App. 2001); *Coffin v. State*, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994). A trial court abuses its discretion when it deviates so greatly from applicable guidelines and principles that the decision falls outside the zone of reasonable disagreement. *Salazer*, 38 S.W.3d at 153-54; *Montgomery v. State*, 810 S.W.2d 372, 390-91 (Tex. Crim. App. 1991) (op. on reh'g).

There is no single principle governing the admissibility of evidence under the excited utterance exception to the hearsay rule. *Tejeda v. State*, 905 S.W.2d 313, 316 (Tex. App.—San Antonio 1995, pet. ref'd); *Jones v. State*, 772 S.W.2d 551, 554-55 (Tex. App.—Dallas 1989, pet ref'd). Each case must be considered on its own particular facts. *Fisk v. State*, 432 S.W.2d 912, 914 (Tex. Crim. App. 1968).

6

In *Salazar*, the Court of Criminal Appeals stated:

> The excited utterance hearsay exception permits admission of a hearsay "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Tex.R.Evid. 803(2). It is not dispositive that the statement is an answer to a question or that it was separated by a period of time from the startling event; these are simply factors to consider in determining whether the statement is admissible under the excited utterance hearsay exception. *See Lawton v. State*, 913 S.W.2d 542, 553 (Tex.Crim. App. 1995); *Penry v. State*, 903 S.W.2d 715, 750-51 (Tex.Crim.App.), *cert. denied*, 516 U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995); *McFarland v. State*, 845 S.W.2d 824, 846 (Tex.Crim.App. 1992), *cert. denied*, 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993). The critical determination is "whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event" or condition at the time of the statement. *McFarland*, 845 S.W.2d at 846.
>
> As appellant asserts, there is no indication as to when the victim sustained the injury attributed to appellant. Therefore, the amount of time between the injury and the statement cannot be considered in determining whether the statement was an excited utterance.

*Salazar*, 38 S.W.2d at 154 (footnote omitted).

In *Salazar*, despite the absence of testimony regarding how much time had passed between the infliction of the injury to the two-year-old victim/declarant and the hearsay statements, the court found no abuse of discretion in the admission of the evidence under the excited utterance exception rule, given all the other circumstances. *Id.* at 154-55. The two-year-old declarant, who had a fractured collarbone and dislocated shoulder, yelled in pain when an attempt was made to remove her coat. She started to cry. The declarant continued to cry, although she was not hysterical when she made the statement to two women. The appellate court found the declarant "was still under the physical and emotional stress of the excitement caused by the event or condition when she made the statement" and the trial court did not abuse its discretion. *Id.*

7

The *Salazar* court considered several cases in its discussion of the passage of time as a factor. *Id.* at 154. It cited *Wood v. State*, 18 S.W.3d 642, 652 (Tex. Crim. App. 2000) (hearsay statement properly excluded because separated by ten to twelve hours from event concerned and declarant did not act excited or nervous in interim); *Lawton v. State*, 913 S.W.2d 542, 553 (Tex. Crim. App. 1995) (hearsay statement by eyewitness properly admitted as excited utterance, even though an hour separated event from statement, because of magnitude of crime witnessed and because officer testified that declarant was excited and upset when making statement); *McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992) (victim's statement properly admitted as excited utterance because she was still under physical and emotional stress of having been stabbed forty-three times when discovered by police).

Only recently in *Zuliani v. State*, No. 03-00-00387-CR (Tex. App.—Austin May 31, 2001, pet. filed), this Court found hearsay statements admissible under Rule 803(2) despite being made twenty hours after the incident in light of a combination of other factors. *Id.* at slip op. 3-4.[4]

---

[4] *See also Snellan v. State*, 923 S.W.2d 238, 243 (Tex. App.—Texarkana 1996, pet. ref'd) (statement by thirteen-year-old sexual assault victim twelve or thirteen hours after assault properly admitted under Rule 803(2)); *Hunt v. State*, 904 S.W.2d 813, 816 (Tex. App.—Fort Worth 1995, pet. ref'd) (startling event which triggers excited utterance need not be crime itself; television news program three months later caused emotional distress of ten-year-old rape victim who then recounted the assault). Compare, however, *Gay v. State*, 981 S.W.2d 864, 867 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *Mosley v. State*, 960 S.W.2d 200, 204 (Tex. App.—Corpus Christi 1997, no pet.); *Dame v. State*, 872 S.W.2d 325, 329 (Tex. App.—Beaumont 1994, no pet.). *See generally* Steven Goode, Olin Guy Wellborn, III & M. Michael Sharlot, *Guide to the Texas Rules of Evidence: Civil and Criminal,* § 803.3, at 131 (2d ed. 1993).

Appellant cites *Berry v. State*, 759 S.W.2d 12 (Tex. App.—Texarkana 1988, no pet.), in which the defendant sought to introduce his own excited utterance to the arresting officer and did not succeed. In rejecting Berry's claim of error, the appellate court noted that the record did not demonstrate the time that had elapsed between the shooting and the statement. *Berry* is

## Conclusion

Time is a factor to consider in determining whether a statement is admissible under Rule 803(2), but it is not dispositive as appellant claims. *See Salazar*, 38 S.W.3d at 154. The assault or assaults and the hearsay statements made thereafter occurred in the City of Austin during the mid-afternoon of September 23, 2000. The trial court as the trier of fact could have accepted State's evidence that there was a continuous assaultive incident while Benford was in the company of appellant. The record does not reveal the driving time between Colton Bluff Springs Road and the Bethune address, but there was no indication of a lengthy detour or delay. Benford was able to telephone a friend, apparently prior to a second assault. The police responded immediately and were at the scene within thirty minutes after she contacted the friend.

Upon the arrival of the police, Benford was hysterical and yelling with obvious injuries to her face and body. She was still crying and in pain when Officer Harper talked to her thirty minutes after arrival. It appears she told her story in narrative form without interrogation. Appellant testified that the police arrived three or five minutes after he accidently struck Benford.

Given all the factors involved, we conclude that the trial court did not abuse its discretion in admitting Benford's statement to Officer Harper over appellant's objection.

Still further, State's exhibit no. 3 was admitted without objection. It was an assault victim statement by Benford. It covered many of the facts Benford told Harper in the complained-of testimony. The overruling of an objection to evidence will not generally result in reversal where other

---

distinguishable on its facts from the instant case, but under any circumstances, time alone is not the controlling factor. *See Jones*, 772 S.W.2d at 555. We do not deem *Berry* persuasive.

9

evidence of the same facts are received without objection, either before or after the complained-of ruling, regardless of whether the other evidence is introduced by the defendant or the State. *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *see also Anderson v. State*, 717 S.W.2d 622, 626-27 (Tex. Crim. App. 1986); *Miranda v. State*, 813 S.W.2d 724, 739 (Tex. App.—San Antonio 1991, pet. ref'd).

Appellant's sole point of error is overruled. The judgment is affirmed.

_____

John F. Onion, Jr., Justice

Before Justices Kidd, B. A. Smith and Onion[*]

Affirmed:

Filed: August 30, 2001

Do Not Publish

*   Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).