Jerry GAINES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–93–00288–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 17, 1994.

John M. Gascoigne, Houston, for appellant.

John B. Holmes, Jr., Mary Lou Keel, Carol Sandvick, Houston, for appellee.

Before O'CONNOR, HEDGES and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

The trial court found appellant, Jerry Gaines, guilty of unlawful possession of a firearm by a felon. TEX.PENAL CODE ANN. § 46.05 (Vernon Pamph.1994). Appellant then pled true to two enhancement paragraphs, and the court assessed his punishment at 26–years confinement. In two points of error, appellant contends that: (1)

the trial court erred by admitting hearsay statements into evidence; and (2) the evidence was insufficient to prove appellant possessed a firearm away from his residence. We affirm.

On October 25, 1992, at approximately 10:45 p.m., Harris County Sheriff's Deputy Ricky Stanford was dispatched to a family disturbance involving a male with a weapon at appellant's residence on Ralph Culver Street. He arrived at the residence within two to five minutes of receipt of the dispatch.

At the residence, Deputy Stanford saw a woman, Gwynn Gaines, and two little girls on the porch of their trailer. In an excited and agitated manner, Ms. Gaines told Stanford that appellant, her husband, had pointed a weapon at her through a window, told her, "you're history," and driven off in his truck. While she was giving Stanford a description of appellant, he returned and stopped his truck at the end of the driveway. When appellant saw Stanford, he left at a high rate of speed.

Stanford chased appellant for approximately one mile, sometimes exceeding 70 miles per hour. During the chase, Stanford lost sight of appellant two times for a total of approximately 15–17 seconds. Stanford stopped appellant at the intersection of Brownie Campbell and Kaltenbrun. After handcuffing appellant, Stanford searched the truck but found no weapon. Stanford and another deputy searched the ditch next to the route taken by appellant, but again found no weapon.

After the deputies took appellant and returned to his home for further investigation, they received a call that a shotgun had been found by Michael Falls. Falls was on his front porch at approximately 11:00 p.m. when he saw a truck speed by, followed by the police. He saw the driver of the truck throw a small object out of the window. Falls said the object "put out a light," and then he heard a gunshot, which he thought came from the police car. The police stopped the truck approximately 200 yards from Falls' house.

Falls' grandmother called him back into his house, but he came back outside to get the telephone. He saw the police spotlighting the ditches and, because of the shot he heard, assumed they were looking for a gun. When the deputies left, Falls went to the ditch and found a shotgun, the barrel of which had separated from the butt. Falls' grandmother called the police. Deputy Ybarbo, another deputy sheriff, went to Falls' house; Falls showed him the gun in the ditch. It contained one spent shell and one loaded shell. Stanford testified that "the smell of gunpowder was quite strong." Falls also found two cans in the ditch.

Michelle Klaus, one of Ms. Gaines' nine-year-old twin daughters and appellant's step daughter, heard her mother and appellant arguing. During the argument, appellant came into Michelle's bedroom and got a peach blanket which was covering a gun. Michelle heard appellant and her mother continue to argue. Appellant then left the house, and her mother called the police, who arrived in approximately five minutes.

In his first point of error, appellant contends that the trial court erred in admitting hearsay statements made by Ms. Gaines to Deputy Stanford. The State argues that appellant waived error, or, alternatively, that the statements qualify as an "excited utterance" exception to the hearsay rule. TEX. R.CRIM.EVID. 803(2).

Stanford stated that when he arrived at appellant's home, Ms. Gaines, who appeared excited and agitated, told him that appellant pointed a weapon at her through a window, said to her, "you're history," and drove off. When appellant's trial counsel objected to Stanford testifying about Ms. Gaines' statements, the trial court sustained the objection. The State then requested that the judge review case law on the question, and the judge responded, "Give it to me and go ahead and move along to something else. I'll take a look at it and see where we are." Later in the trial the judge stated, "The court has reviewed the cases submitted by the State. At this time I will reform my ruling and allow the statement in over objection."

The State argues that because appellant did not seek any clarification about which ruling the trial court was changing, he waived error. We disagree. Immediately

after it sustained appellant's objection to hearsay, the trial court agreed to consider the State's cases. A review of the record reveals no other issue under consideration by the court. In context, it is clear that the trial court's reformation of its previous ruling related to its ruling on the hearsay statements. We consider the point of error preserved.

■ Appellant argues that the statements do not qualify as excited utterances because Stanford did not know the length of time between appellant's threat and Ms. Gaines' statements about the threat. An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." TEX. R.CRIM.EVID. 803(2). We have held that:

[w]hile the period of time that lapsed between the occurrence of the startling event and the making of the statement is a factor to consider in determining the admissibility of such statements, the critical factor is whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event.

*McFarland v. State,* 845 S.W.2d 824, 846 (Tex.Crim.App.1992) (citing *Hawkins v. State,* 792 S.W.2d 491, 495 (Tex.App.—Houston [1st Dist.] 1990, no pet.) and *Jones v. State,* 772 S.W.2d 551, 555 (Tex.App.—Dallas 1989, pet. ref'd)).

Appellant relies on *Cardenas v. State,* 787 S.W.2d 160 (Tex.App.—Houston [1st Dist.] 1990, no pet.), and *Berry v. State,* 759 S.W.2d 12 (Tex.App.—Texarkana 1988, no pet.), to support his argument. In *Cardenas,* we considered the present sense impression exception to hearsay, not the excited utterance exception. Therefore, *Cardenas* does not apply.

In *Berry,* the statement was inadmissible because (1) the evidence did not reveal the amount of time that had elapsed between the shooting and the statement, *and* (2) the declarant was operating with his normal faculties rather than being in a state of shock. *Berry,* 759 S.W.2d at 14. Contrary to *Berry,*

the trial court heard testimony indicating both a time period and Ms. Gaines' state of mind. Michelle testified that her mother called the police when appellant left the house, and that the police arrived within five minutes of the call. Stanford stated that he arrived within two to five minutes of receiving the dispatch, and that when he arrived, Ms. Gaines appeared agitated and excited. The court did not abuse its discretion in admitting the statements as excited utterances.[1]

We overrule point of error one.

■ In his second point of error, appellant contends that the evidence is insufficient to prove appellant possessed a firearm away from his residence. In reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). If there is evidence that establishes guilt beyond a reasonable doubt, and the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of evidence grounds. *Id.; Glass v. State,* 761 S.W.2d 806, 807 (Tex. App.—Houston [1st Dist.] 1988, no pet.). The trier of fact is the sole judge of the credibility of witnesses, *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988), and may believe or disbelieve all or any part of a witness' testimony. *Id.; Smith v. State,* 789 S.W.2d 419, 420 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). A trier of fact may believe a witness even though his testimony is contradicted. *Sharp,* 707 S.W.2d at 614.

■ Appellant contends that the State failed to present sufficient evidence to establish affirmative links between himself and the firearm. A review of the evidence shows that:

Instead, it was offered to prove that appellant left his residence with a gun. See TEX.R.CRIM.EVID. 801(d).

1. Further, though not argued by the State, we note that "you're history," is not hearsay because it was not offered to prove the truth of the matter asserted, i.e., that Ms. Gaines was "history."

(1) appellant argued with Ms. Gaines;

(2) appellant retrieved from Michelle's room a peach blanket that covered a gun;

(3) appellant threatened Ms. Gaines with a gun and drove away from his residence;

(4) Falls saw the police chase the truck, saw the driver throw something out the truck's window, and heard a gunshot immediately after the object was thrown; and

(5) Falls found a shotgun that smelled of gunpowder and was in pieces in the ditch where the object landed.

By viewing this evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found affirmative links between appellant and the shotgun beyond a reasonable doubt. We overrule point of error two.

We affirm the trial court's judgment.