Lynn HENTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–94–00569–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 26, 1995.

John P. Keirnan, Houston, for appellant.

John B. Holmes, Jr., Karen A. Clark, Pat Stallings, Tammy Thomas, Houston, for appellee.

Before HUTSON–DUNN, O'CONNOR and WILSON, JJ.

## OPINION

HUTSON–DUNN, Justice.

A jury found appellant, Lynn Henton, guilty of the felony offense of possession of cocaine in an amount less than 28 grams. After appellant entered pleas of "true" to the enhancement allegations in the indictment, the jury assessed punishment at 50–years imprisonment. The jury also made an affirmative finding that appellant used or exhibited a deadly weapon during the commission of the offense or during immediate flight therefrom. In a sole point of error, appellant contends that the evidence is insufficient to support the jury's finding that he used or exhibited a deadly weapon during the commission of the offense.

## I. Standard of Reviewing the Sufficiency of the Evidence

In reviewing the sufficiency of the evidence, we view the evidence in a light

most favorable to the verdict and decide whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). This standard applies to direct and circumstantial evidence, and the State need not exclude every reasonable hypothesis other than the appellant's guilt. *Geesa v. State*, 820 S.W.2d 154, 156–61 (Tex.Crim.App.1991). If there is sufficient evidence to establish guilt beyond a reasonable doubt, and the trier of fact believes that evidence, we cannot reverse the judgment on sufficiency of the evidence grounds. *Gaines v. State*, 874 S.W.2d 733, 735 (Tex.App.—Houston [1st Dist.] 1994, no pet.); *Glass v. State*, 761 S.W.2d 806, 807 (Tex.App.—Houston [1st Dist.] 1988, no pet.). The trier of fact is the sole judge of the witnesses' credibility and may believe or disbelieve any part of a witness' testimony. *Gaines*, 874 S.W.2d at 735. Further, the trier of fact may believe a witness even though his testimony is contradicted. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988); *Gaines*, 874 S.W.2d at 735.

## II. Summary of Facts

The evidence viewed in a light most favorable to the affirmative finding that appellant used or exhibited a deadly weapon during the commission of the offense is as follows. On October 19, 1993, Houston Police Officer Paul Zavala and his partner conducted a controlled purchase through an informant at an apartment located at 7170 Parker Road. The informant entered the apartment, purchased cocaine with money provided by the officers, and returned the cocaine to the officers.

After Officer Zavala and his partner obtained a search warrant for the apartment, they assembled other Houston police officers and executed the warrant on the same day. The front door was open when they arrived. Officer Zavala, the officer who entered the door first, announced that police officers were coming inside before he entered the apartment. Zavala had his gun drawn for safety purposes.

As he entered the apartment, Zavala saw appellant and a female immediately to his left. Appellant was sitting at the far end of a couch, and the female was sitting in a chair. Appellant, apparently startled from Zavala's entry, quickly stood up with a gun in his hand; however, when he saw that Zavala was a police officer, he immediately dropped his gun on the couch. Officer Zavala recovered the gun and placed appellant under arrest. The gun was loaded with six live rounds when Officer Zavala recovered it.

Officer Daniel Eller entered the apartment after Officer Zavala and ran into the kitchen area. Eller found two pieces of crack cocaine on a plate on the kitchen counter. Although the counter separated the kitchen from the living area where appellant had been sitting, the kitchen was still visible from the living area.

While inside the apartment, the officers found a receipt with the name Cisco Henton and a voter registration card with the name Lynn Henton. Phyllis Strawder, the property manager at the complex containing the apartment in question, testified that appellant rented the apartment under the name of Lynn Cisco Henton, and that Lynn Henton and Cisco Henton were the same person. Appellant's last rental payment was in effect at the time of the offense in question.

## III. Analysis

Appellant does not contend that the evidence is insufficient to support his conviction for possession of cocaine. Rather, his sole contention is that there is insufficient evidence to support the jury's affirmative finding that he used or exhibited a deadly weapon during the commission of the offense. The Texas Code of Criminal Procedure provides as follows:

(a) The provisions of sections 3 and 3c of this Article do not apply:

(2) to a defendant when it is shown that a deadly weapon as defined in Section 1.07, Penal Code, was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and that the defendant used or exhibited the deadly weapon. . . . On an affirmative finding un-

der this subdivision, the trial court shall enter the finding in the judgment of the court. On an affirmative finding that the deadly weapon was a firearm, the court shall enter that finding in its judgment. TEX.CODE CRIM.P.ANN. art. 42.12, § 3g(a)(2) (Vernon Supp.1995). The offense of illegally possessing a controlled substance is susceptible to an affirmative finding of the use or exhibition of a deadly weapon. *See Patterson v. State*, 769 S.W.2d 938, 940 (Tex.Crim. App.1989). The phrase "used a deadly weapon" means that the deadly weapon was employed in any manner, including mere possession, if the possession facilitates the associated felony. *Id.* at 941. Further, the phrase "exhibited a deadly weapon" means that the defendant consciously displayed the weapon during the commission of the required felony offense. *Id.* "Thus, one can 'use' a deadly weapon without exhibiting it, but it is doubtful one can exhibit a deadly weapon during the commission of a felony without using it." *Id.* We now determine whether a rational trier of fact could reasonably find that appellant either used or exhibited a deadly weapon during commission of the offense for which he was convicted.

In *Patterson*, police officers executed a search warrant at the appellant's apartment. *Patterson*, 769 S.W.2d at 939. When the officers entered the apartment, they observed the appellant and six other individuals in the living room. *Id.* The appellant was sitting near the front door at the end of a sofa. *Id.* Next to the appellant, on an end table, was a suede bag, a wallet, and a "gun boot." *Id.* As one officer approached the appellant, the appellant raised his hands and notified the officer that he had a gun, but he was not going to touch it. *Id.* The appellant stated that the gun was located between his left leg and the end of the sofa. *Id.* The officer retrieved the gun and the items on the end table. *Id.* A subsequent search of the items revealed that they contained the following: (1) in the wallet, $905; (2) in the suede bag, 1.10 grams of a controlled substance and miscellaneous drug paraphernalia; and (3) in the "gun boot," several rounds of ammunition that fit the gun that was seized. *Id.* Although the appellant's gun was difficult to find and did not pose an immediate

threat, the court nonetheless affirmed his conviction on the ground that a rational trier of fact could find that the appellant used the firearm to facilitate his care, custody, and management of the contraband. *Id.* at 942.

Appellant argues that *Patterson* is distinguishable from the present case on the following grounds: (1) unlike *Patterson*, the contraband that appellant was convicted of possessing was not located next to him at the time the police entered his apartment; and (2) the record contains evidence that appellant did not live in a "savory neighborhood." He contends that the record in this case clearly shows that he utilized his gun solely to protect his home upon the unexpected entry of an intruder. To support his argument, appellant points to evidence in the record that Officer Zavala and his partner were careful in conducting the controlled purchase because the neighborhood surrounding appellant's apartment had many people who looked out for police officers.

■ Contrary to appellant's assertion, we find *Patterson* indistinguishable from the present case. Although the cocaine that appellant was convicted of possessing was not within his immediate reach at the time the police entered his apartment, the record is clear that the kitchen where the cocaine was located was visible from the living area. Further, as in *Patterson*, appellant's gun was loaded and ready at hand. *See Patterson v. State*, 723 S.W.2d 308, 315 (Tex.App. Austin 1987), *aff'd*, 769 S.W.2d 938 (Tex.Crim.App. 1989). Despite appellant's contention that he used his gun solely to protect his apartment from an intruder, we find that a rational trier of fact could reasonably find that he utilized his gun to facilitate the care, custody, and management of the cocaine. In order to produce sufficient evidence to support the jury's affirmative finding, the State did not have the burden of excluding every reasonable hypothesis other than its contention that appellant used his gun to protect the cocaine. *Geesa*, 820 S.W.2d at 156–61.

■ In addition, we find that the record supports the jury's affirmative finding that appellant exhibited a deadly weapon during the commission of the offense for

which he was tried. As noted, a defendant "exhibits" a deadly weapon by consciously displaying the weapon during the commission of the required felony offense. *Patterson*, 769 S.W.2d at 941. In the present case, appellant consciously displayed his gun when the police entered his apartment. Appellant's mere exhibition of the weapon was sufficient, and he did not need to utter any words for section 3g(a)(2) of article 42.12 to apply. *Osborne v. State*, 832 S.W.2d 407, 409 (Tex.App.—Houston [14th Dist.] 1992, no pet.).

We overrule appellant's sole point of error.

We affirm the judgment of the trial court.