# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00458-CR

**Jose Felix Solorzano, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY NO. 666,943, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jose Felix Solorzano was convicted in a bench trial of assault on Juana Cruz, his wife. *See* Tex. Pen. Code §22.01 (West 2004). He was sentenced to one year in jail and fined $3000. The sentence was suspended and the fine probated for one year. Appellant complains that the trial court improperly admitted a hearsay statement under the excited utterance exception and that the evidence was factually insufficient to support his conviction. We will affirm the conviction.

## BACKGROUND

Austin Police Officer Gary Ignal was dispatched to the residence of appellant and the complainant, Juana Cruz, on April 18, 2004, in response to a 911 call placed by Cruz. Officer Ignal arrived within two to four minutes of the call, but a barking dog prevented him from immediately approaching the residence. He testified that after waiting a couple of minutes he asked the dispatcher

to call the house and request that the residents come outside and that a few seconds later Cruz exited the house, followed by appellant.[1] Cruz did not immediately address the officer, but first removed the dog and then returned to the front porch steps where she sat slumped over. When Officer Ignal asked Cruz to come over to him, he noticed that she was visibly upset, shaking, trembling, and crying and that her cheek was red. When asked, Cruz told Officer Ignal that she was not okay, that she did not want to get hit anymore, and that appellant had slapped her. Officer Ignal also questioned appellant who admitted that he and Cruz had been arguing, but denied hitting her. Cruz did not testify at trial. Her statement implicating appellant was admitted at trial as an excited utterance through the testimony of Officer Ignal.

## Excited Utterance

Appellant claims that the trial court erred in admitting Cruz's hearsay statement identifying appellant as the one who slapped her.[2] Hearsay, "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," is generally not admissible at trial unless it qualifies under a statutory exception. Tex. R. Evid. 801(d), 802. One such exception is the excited utterance exception. "A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" may be admitted by the trial court as an excited utterance. Tex. R. Evid. 803(2). A trial court properly admits a hearsay statement as an excited utterance if it

---

[1] Appellant offered conflicting testimony. He claimed that Cruz was waiting by the window when the police officer arrived and immediately went outside to meet him.

[2] Appellant does not raise any issue based on *Crawford v. Washington*, 541 U.S. 36 (2004), and therefore we do not address its implications in this case.

concludes that the statement related to a startling event was made while the declarant was "dominated by the emotions, excitement, fear, or pain" caused by the startling event. *Apolinar v. State*, 155 S.W.3d 184, 186-87 (Tex. Crim. App. 2005).

The admissibility of an out-of-court statement under the exception to the general hearsay-exclusion rule is within the trial court's discretion. *Lawton v. State*, 913 S.W.2d 542, 553 (Tex. Crim. App. 1995). We review the admission of a hearsay statement as an excited utterance under an abuse of discretion standard. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). We will not reverse the trial court's decision unless it "lie[s] outside that zone within which reasonable persons might disagree." *Id.*

First, appellant argues that Cruz was not dominated by the emotion, excitement, fear, or pain of the alleged slap when she made the statement. Next, he claims that the alleged slap was not violent enough to cause Cruz to be dominated by emotion, excitement, fear, or pain. Officer Ignal described Cruz's emotional demeanor as "visibly upset" and "shaking, trembling and crying" and that she had a "redness on her right cheek." When asked if she was okay, declarant responded that she was not okay and that she did not want to get hit anymore. From this evidence, the trial court could have reasonably concluded that Cruz was still under the emotion, excitement, fear, or pain of the alleged assault when she told the police officer that appellant slapped her.

Contrary to appellant's assertion, a victim who does not endure serious physical violence may still be dominated by emotion, excitement, fear or pain in a manner that satisfies the excited utterance exception. The declarant need not suffer physical violence or injury in order to make an excited utterance. *See Gaines v. State*, 874 S.W.2d 733, 734-35 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (statements of declarant who appeared to be excited and agitated after being

3

threatened with shotgun but suffered no physical harm were excited utterances). That a declarant was trembling and crying provides enough evidence to find that the declarant was still under the emotion, excitement and fear of a startling event. *See Moon v. State*, 44 S.W.3d 589, 594 (Tex. App.—Fort Worth 2001, pet. ref'd.) (evidence that declarant was "upset and scared" indicated that she was still under emotion of startling event). The trial court could have reasonably concluded that the alleged slap was startling enough to cause Cruz to be dominated by the emotion, excitement, fear, or pain of the event.

The trial court acted within its discretion in admitting the hearsay statement because the victim was still dominated by the emotion, excitement, fear or pain of the assault when she made the statement. We overrule appellant's first point of error.

**Factual Sufficiency**

In his second point of error, appellant argues that the evidence presented at trial was factually insufficient to support his conviction. The evidence supporting a verdict is factually sufficient if, considering all the evidence in a neutral light, the fact-finder was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). Evidence is factually insufficient if (1) it is too weak to support a verdict beyond a reasonable doubt or (2) evidence contrary to the verdict is so strong that the "beyond a reasonable doubt" standard could not have been met. *Id* at 484-85.

Evidence offered at trial consisted of the testimony of Officer Ignal and appellant. Due to the inconsistencies in their testimonies, the outcome of the case depended primarily on the credibility of the witnesses. "Credibility determinations are properly left to the fact finder, as it is

that entity which has the opportunity to examine those tell-tale signs of credibility—such as physical appearance, demeanor, and cadence of speech—which are unavailable to an appellate court on the face of a cold record." *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The trial court could have found Officer Ignal's testimony that Cruz was visibly upset, had a red cheek, and identified appellant as the one who abused her was more credible than appellant's testimony that he was not guilty. Viewing all the evidence in a neutral light, we hold that a rational judge could have found appellant guilty beyond a reasonable doubt.

Appellant argues that his testimony was clearly more credible than Officer Ignal's testimony because Officer Ignal claimed appellant admitted drinking four to five beers but did not smell of alcohol, and therefore appellant's testimony that he had drunk only two beers was more credible. Credibility determinations are the province of the trial court and that contrary or conflicting testimony does not necessarily render the officer's testimony incredible.[3] *See Cleveland v. State*, ___S.W.3d___, 2005 WL 826943, at *3 (Tex. App.—Houston [1st Dist.] April 7, 2005, no pet. h.) (giving deference to fact-finder's decision to believe witness in presence of conflicting testimony). Because we defer to the credibility determinations of the trial court, we do not find that appellant's contrary testimony is so strong that it makes a finding of guilt beyond a reasonable doubt irrational.

Appellant further argues that the chain of events and his testimony indicate that the alleged incident did not occur, but reflected merely a scheme concocted by Cruz. Appellant points to discrepancies in accounts by showing that the officer testified that Cruz did not come outside to meet him until he had waited a few minutes and requested that dispatch call the home; while appellant testified that after disputing the ownership of the house Cruz told him, "Let's see whose

_____

[3] Furthermore, the number of beers consumed is not relevant.

house it's going to be," called 911, waited expectantly by the window, and immediately exited the house upon Officer Ignal's arrival by her own volition and not in response to a call from dispatch. To support his argument that Cruz's statements and acts lacked credibility, appellant showed (1) that Cruz did not immediately go to the officer and instead first tied up the barking dog and returned to sit on the front porch in a curled position; (2) that Cruz only approached the officer when he directed her to do so; (3) that the officer did not notice that Cruz was crying, trembling, and shaking until she came closer to him; (4) that Cruz never indicated that appellant restrained her; (5) that the blow was merely a slap on the face resulting in only redness to the cheek; (6) that Cruz's statements were made after questioning; (7) that Cruz was not fluent in English; (8) that Cruz filed assault charges against appellant in 1999 and 2003 but did not appear at the court proceedings for either charge; and (9) that Cruz had not come home for two days. To prove his own credibility, appellant argues that he never attempted to interrupt Cruz's interview with the officer; that he did not appear agitated or disruptive; that he was not angry, but only disappointed because his son was asking for Cruz; that in the week prior to his arrest he consulted with an attorney about initiating a divorce because he was afraid that Cruz would frame him; and that he was kicked out of his house following his arrest and a divorce was filed, but temporary orders were issued giving him unsupervised visitation with his children and returning his home to him. Appellant also claims that his account of the incident offers more credibility because though the officer testified that appellant claimed to have consumed four or five beers over a one and a half hour period ending about thirty minutes before the officer arrived, he also testified that appellant he did not look intoxicated or smell of alcohol, even in an enclosed space. Appellant concludes that this is an impossibility, and thus Officer Ignal's testimony is not credible.

Much of this evidence is irrelevant to the question of whether appellant assaulted Cruz. Furthermore, the trial court was within its discretion to disbelieve appellant's testimony. *See Johnson*, 23 S.W.3d at 9. The inference that Cruz concocted this scheme was not so strong that it would prevent any rational finding of guilt beyond a reasonable doubt. *See Zuniga*, 144 S.W.3d at 484-85. The evidence presented by appellant is not so strong that the "beyond a reasonable doubt" standard could not have been met. Appellant's contrary testimony does not show that the evidence was factually insufficient. *Id.* We overrule appellant's second point of error.

## CONCLUSION

The trial court acted within its discretion in admitting Cruz's statement under the excited utterance exception to the hearsay rule. The hearsay statement and other testimony presented at trial were factually sufficient to support a finding of guilt beyond a reasonable doubt. We therefore affirm the judgment of the county court at law.

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: July 21, 2005

Do Not Publish

7