NO. 07-06-0407-CR


NO. 07-06-0408-CR


NO. 07-06-0409-CR


NO. 07-06-0410-CR


NO. 07-06-0411-CR
 

NO. 07-06-0412-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 21, 2007


______________________________



ELI EDWARDS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;



NOS: 4294, 4295, 4296, 4297, 4298 & 4299; 



HON. STEVEN RAY EMMERT, PRESIDING


_______________________________



Opinion


____________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Eli Edwards (appellant) appeals his convictions for aggravated robbery and
aggravated kidnaping. Via three issues, he contends that the trial court erred by 1)
admitting evidence of an extraneous offense, 2) improperly defining the term "abduct" in
the jury charge and 3) entering an order requiring him to serve his six sentences
consecutively. We affirm the judgments as reformed.

Background
 

 Jimmy Maddox (Maddox) was at home with his wife and daughter when two masked
men broke through the front door. The men were armed with shotguns and told the group
to lay on the floor. Thereafter, they were threatened with death, moved to a cellar, and
bound with cords. So too was Maddox asked for money, and he disclosed to his assailants
where it could be found. Eventually, Maddox freed himself and the others in his family. 
He then noticed his Buick had been taken and called 911.

 Eventually, law enforcement officials encountered two individuals driving the Buick
and a chase ensued which resulted in the vehicle being abandoned. A search of the car
revealed items taken from the Maddox household plus various weapons. The next day
appellant was captured and arrested for the robbery. 

Issue One - Extraneous Offense Used to Show Identity


 In his first issue, appellant posits that the trial court erred in admitting evidence of
an extraneous offense. The evidence involved testimony about appellant having taken
weapons (shotguns) during a burglary in Oklahoma. Moreover, appellant was identified
as one of the burglars who took the shotguns. One or more of those very weapons were
later found in the Maddox Buick after the robbery and chase. This was of import to the
State because it helped identify appellant as one of the Maddox robbers; again, the
robbers wore masks and could not be identified through facial features. So, in the State's
view, evidence about the Oklahoma burglary and who was involved in it helped tie
appellant to the later robbery in Texas. Thus, the evidence allegedly was both relevant and
admissible under Texas Rule of Evidence 404(b). We agree and overrule the point.

 Finding in the Buick a shotgun appellant stole in Oklahoma has the propensity of
linking appellant to the Maddox robbery, given that a shotgun was used in the robbery. 
More importantly, it cannot be legitimately denied that the identity of the robbers was in
issue. Indeed, appellant, through his legal counsel, argued to the trial court that the
evidence of identity was very weak. So, the extraneous burglary, in general, and the
property taken during it, in particular, was relevant to an element in dispute. And, that the
Oklahoma offense may not have involved an act either identical or similar to the Texas
crime matters not for the identity between the criminal acts occurring in Oklahoma and
Texas were not important. Of import was the identity between the weapons taken in
Oklahoma, the ones used to rob the Maddox family and the ones later found in the car for
the weapons and appellant's tie to them is what identifies him as a robber. Thus, Page v.
State, 213 S.W.3d 332 (Tex. Crim. App. 2006), a case upon which appellant relies heavily
in attempting to show error, is inapposite. 

 Page dealt with an attempt to prove identity through comparing a series of acts. In
that situation, one cannot dispute that the acts have to be sufficiently similar to warrant an
inference that the person who committed some committed all. Here, however, the acts
undertaken during both offenses matter not for the focus lies on the identity between the
weapons taken by appellant during one offense and later used at another. So, because
evidence of extraneous offenses are admissible to prove identity, Tex. R. Evid. 404(b);
Johnston v. State, 145 S.W.3d 215, 219 (Tex. Crim. App. 2004), and evidence of the
Oklahoma burglary furthered that purpose at bar, we cannot say that the trial court abused
its discretion in permitting several witnesses to disclose it at trial. (1) See Montgomery v.
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (stating that a trial court errs viz its
decisions to admit evidence when it abuses its discretion and the decision falls outside the
zone of reasonable disagreement).

Issue Two - Jury Charge


 In his second issue, appellant contends that the trial court's failure to properly define
"abduct" in its jury charge caused him egregious harm. That is, the abstract definition of
"abduct" included in the charge differed from the manner in which the term was used in the
indictment. However, its description in the application paragraph of the charge was
identical to that in the indictment. (2) So, while the definition did not track the indictment, the
application paragraph did, and appellant did not object to the circumstance. We overrule
the issue.

 The record evidence supported appellant's conviction of the offense as described
in the indictment. Furthermore, the application paragraph tracked the indictment, and the
words in the application paragraph were plain and easily understood. Medina v. State, 7
S.W.2d 633, 640 (Tex. Crim. App. 1999) (holding that where the application paragraph
correctly instructs the jury, an error in the abstract instruction is not egregious); Plata v.
State, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996), overruled on other grounds, Malik v.
State, 953 S.W.2d 234, 239 (Tex. Crim. App. 1997) (holding that reversal is required when
an accurate definition in the abstract definition is necessary to implement the application
paragraph); Williams v. State, No. 01-06-00037-CR, 2007 Tex. App. Lexis 1158 (Tex. App.
-Houston [1st Dist.] February 15, 2007, no pet. h.) (holding that when the application
paragraph correctly instructs the jury, a superfluous abstract definition is not egregious).
Thus, despite the definition, the jury nevertheless was told in unambiguous language that
it could not convict unless it found appellant guilty as charged in the indictment. Given
these circumstances, we do not find that appellant was egregiously harmed by the
purported error. 

Issue Three - Order Requiring Sentences to Run Consecutively


 Appellant contends that the trial court erred in entering an order wherein it "stacked"
appellant's sentences. In other words, appellant would be required to serve the six
sentences consecutively as opposed to concurrently. The State concedes this point and
asks us to reform the six judgments. We agree and sustain the issue. 

 Accordingly, the judgments of the trial court are reformed to delete the accumulation
orders. Robbins v. State, 914 S. W.2d 582, 584 (Tex. Crim. App. 1996). As reformed, the
judgments of the trial court are in all other respects affirmed. 


 Brian Quinn

 Chief Justice


Publish.
1. Appellant does not raise Texas Rule of Evidence 403.
2. The trial court charged the jury as follows: "'abduct' means to restrain a person with intent to prevent
his/her liberation by using or threatening to use deadly force." So too did it state that "'restrain' means to
restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by
moving the person from one place to another or by confining the person." Through the application paragraph,
it then informed the jury of the following:


 . . . if you find from the evidence beyond a reasonable doubt that on or about the 12th day of
March, 2006 in Wheeler County, Texas, [appellant], did then and there, intentionally or
knowingly abduct []Maddox, by restricting the movements. . . by confining him, with the intent
to prevent [] liberation, secreting or holding [] in a place where [] was not likely to be found,
and [appellant] did then and there use or exhibit a deadly weapon, to wit: a gun, during the
commission of said offense, . . . .



speech. The officer conducted standard field sobriety tasks and
determined appellant was intoxicated. A specimen of appellant’s blood was taken on his
arrival at the hospital and the results of the test showed he had a blood alcohol
concentration of 0.15 grams of alcohol per 100 milliliters of blood.
Analysis
          In appellant’s two issues, he argues the evidence presented at trial was factually
insufficient to prove beyond a reasonable doubt that on or about January 1, 2006, he
operated a motor vehicle in a public place while intoxicated by having a blood alcohol
concentration of 0.08 or more or by not having the normal use of mental or physical
faculties by reason of introduction of alcohol into his body. To establish that appellant
committed the offense of intoxication assault, the State had to demonstrate that he, (1) by
accident or mistake, (2) while operating a motor vehicle, (3) in a public place, (4) while
intoxicated, (5) by reason of that intoxication, (6) caused serious bodily injury to another.



See Tex. Penal Code Ann. § 49.07(a)(1) (Vernon 2003). See also Ex parte Watson, __
S.W.3d __, 2009 WL 1212565, *3 (Tex.Crim.App. 2009) (examining elements of
intoxication assault). “Intoxicated” means not having the normal use of mental or physical
faculties by reason of the introduction of alcohol, or having an alcohol concentration of 0.08
or more. See Tex. Penal Code Ann. § 49.01(2)(A), (B) (Vernon 2003). Appellant’s
argument on appeal focuses on the evidence of his intoxication.
          A factual sufficiency review considers whether the evidence supporting guilt, though
legally sufficient, is so weak that the jury’s verdict seems clearly wrong and manifestly
unjust, or evidence contrary to the verdict is such that the jury’s verdict is against the great
weight and preponderance of the evidence. Grotti v. State, 273 S.W.3d 273, 283
(Tex.Crim.App. 2008); Marshall v. State, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006);
Watson v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006). In a factual sufficiency
review, we consider all the evidence, in a neutral light. Grotti, 273 S.W. 3rd at 283;
Marshall, 210 S.W.3d at 625; Watson, 204 S.W.3d at 414. Although an appellate court’s
authority to review factual sufficiency permits the court to disagree with the fact finder’s
determinations, even to a limited degree those concerning the weight and credibility of the
evidence, the appellate court must accord them due deference. Marshall, 210 S.W.3d at
625; Johnson v. State, 23 S.W.3d 1, 9 (Tex.Crim.App. 2000). See also Steadman v. State,
280 S.W.3d 242, 246-47 (Tex.Crim.App. 2009). When there is a conflict in the evidence,
to find it factually insufficient we must first be able to say, with some objective basis in the
record, that the great weight and preponderance of all the evidence contradicts the jury’s
verdict. Watson, 204 S.W.3d at 417. We must also discuss the evidence that, according
to the appellant, most undermines the jury's verdict. Laster v. State, 275 S.W.3d 512, 518
(Tex.Crim.App. 2009); Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App.2003).
          We find the evidence factually sufficient to prove appellant operated the Cavalier
while intoxicated. The State presented testimony from the regional laboratory manager
with the Texas Department of Public Safety Crime Lab, regarding appellant’s blood alcohol
concentration. The manager testified that his test of the sample of appellant’s blood
yielded a blood alcohol of 0.15 grams per 100 milliliters of blood, a level above the 0.08
legal level. Appellant does not challenge on appeal the evidence his blood alcohol level
at the time the sample was taken was almost double the 0.08 legal limit, nor does he
challenge the probative value of that evidence to establish he was intoxicated while he
drove.
          Appellant focuses his attack on the evidence he had lost the normal use of his
mental or physical faculties by reason of introduction of alcohol into his body. The State’s
evidence included appellant’s female passenger’s testimony at trial that she and appellant
had been drinking at a friend’s house the hour before the accident. She also testified that
she thought appellant was intoxicated. The responding police officer testified he detected
a strong odor of an alcoholic beverage coming from appellant’s breath. He also testified
that appellant admitted to drinking five beers and one “shot” prior to the accident. The
officer testified he saw that appellant’s eyes were glassy and bloodshot and his speech
was slightly slurred. The officer agreed that his report mentioned that the beer can shown
in the photograph presented at trial was cold at the time he arrived on the scene. The
officer also testified that he observed a mixed alcoholic drink in the same console of the
car. The officer further testified regarding the standard field sobriety tasks he administered
to appellant and to appellant’s poor performance on those tasks. A patrol car video
showing the administration of these tests was also presented. The officer opined that
appellant was intoxicated and alcohol caused the intoxication. The testimony of a police
officer that an individual is intoxicated is probative evidence of intoxication. Henderson v.
State, 29 S.W.3d 616, 622 (Tex.App.–Houston [1st Dist.] 2000, pet. ref’d). Further, a blood
alcohol level beyond the legal limit, such as appellant’s, is probative evidence of a person’s
loss of his faculties. Id., citing Daricek v. State, 875 S.W.2d 770, 773 (Tex.App.–Austin
1994, pet. ref’d).
          As evidence contrary to the jury’s verdict, appellant points to evidence another
vehicle was involved in the accident. The passenger testified that while she and appellant
were driving, a white work truck “kept bumping our car” in the back, eventually hitting them
hard enough to cause their car to turn and wreck. The police officer testified appellant
initially told him that a “small dark colored sport utility vehicle had begun harassing them
as they drove home” and rammed them from behind, intentionally running them off the
road. Appellant later told the officer that he was trying to get away from the other vehicle
and that in doing so, he hit a tree or a curb.
          The trier of fact is the sole judge of the credibility of witnesses and may believe or
disbelieve any part of a witness’s testimony. Gaines v. State, 874 S.W.2d 733, 734
(Tex.App.–Houston [1st Dist.] 1994, no pet.). Further, the trier of fact may believe a witness
even though his testimony is contradicted. Sharp v. State, 707 S.W.2d 611, 614
(Tex.Crim.App. 1986); Gaines, 874 S.W.2d at 735. The jury here was free to disbelieve
the testimony that another vehicle hit the Cavalier from behind. The police officer testified
he did not think the Cavalier was hit by another vehicle. He said there was damage to the
Cavalier’s front passenger door but no recent damage to the rear of the vehicle. He said
the damage that was present on the rear of the car appeared to be old, as it was covered
in road grime. He also testified during re-direct that the passenger told him she did not
remember being chased or hit by another vehicle but appellant told her that they had been
hit.
          Appellant also points to the police officer’s testimony that it was windy when he
administered the field sobriety tasks and that wind conditions may affect a person’s ability
to perform on the tests. He also argues the verdict is contradicted by the officer’s
testimony that after finding tree bark embedded in the Cavalier, the officers tried
unsuccessfully to find a tree that had been damaged or had white paint on it.
          Lastly, we note that appellant seems to advance the argument that the State’s proof
suggests only that he was intoxicated and was involved in a car accident, but does not
prove he was involved in the accident because he was intoxicated. This argument also
relies on the statements of appellant and his passenger regarding the involvement of a
second vehicle. As noted, we find the jury rationally could have discounted those
statements. Instead, the jury rationally could have accepted the opinion of the officer that
“the accident was the direct result of [appellant] operating the vehicle while intoxicated.”
          Having considered all the evidence in a neutral light, we find that appellant has
shown, at most, that the evidence conflicted with respect to whether his intoxication caused
the accident. The State’s evidence was not so weak that the jury’s verdict seems clearly
wrong and manifestly unjust. A verdict is not manifestly unjust simply because the jury
resolved conflicting views of the evidence in favor of the State. Cain v. State, 958 S.W.2d
404, 410 (Tex.Crim.App. 1997). Nor do we find that the great weight and preponderance
of all the evidence contradicts the jury’s verdict. Watson, 204 S.W.3d at 417. Accordingly,
we overrule appellant’s two issues and affirm the judgment of the trial court.
 
James T. Campbell

Justice



 

Do not publish.