NO. 07-07-0367-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D 

AUGUST 25, 2009
______________________________

ADRIAN M. RIVERA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-413632; HON. BRADLEY S. UNDERWOOD, PRESIDING
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION 
          Appellant Adrian M. Rivera appeals from his conviction of the offense of intoxication
assault and the resulting sentence of imprisonment for a period of fifteen years in the
Institutional Division of the Texas Department of Criminal Justice. Via two points of error,
appellant contends the evidence was factually insufficient to support his conviction. We
affirm.
 
Background
          Appellant’s 2006 indictment charging him with intoxication assault with a vehicle


 
also included an enhancement paragraph setting forth appellant’s previous final felony
conviction.


 Following appellant’s plea of not guilty, the case was tried to a jury.
          At trial, evidence was presented to show that on January 1, 2006, appellant and a
female companion were celebrating New Year’s and drinking alcohol. Appellant and the
female left one house and headed to another, appellant driving her white Chevrolet
Cavalier, consuming alcohol while driving. During this drive, appellant lost control of the
vehicle and hit an unidentified object.


 As a result of the collision, his female passenger’s
arm was severely broken and bleeding.


 
          Appellant continued to drive and sought help from passers-by. Emergency services
were subsequently requested. While interviewing appellant, the responding officer noticed
a strong odor of an alcoholic beverage coming from appellant’s breath, glassy bloodshot
eyes and slurred speech. The officer conducted standard field sobriety tasks and
determined appellant was intoxicated. A specimen of appellant’s blood was taken on his
arrival at the hospital and the results of the test showed he had a blood alcohol
concentration of 0.15 grams of alcohol per 100 milliliters of blood.
Analysis
          In appellant’s two issues, he argues the evidence presented at trial was factually
insufficient to prove beyond a reasonable doubt that on or about January 1, 2006, he
operated a motor vehicle in a public place while intoxicated by having a blood alcohol
concentration of 0.08 or more or by not having the normal use of mental or physical
faculties by reason of introduction of alcohol into his body. To establish that appellant
committed the offense of intoxication assault, the State had to demonstrate that he, (1) by
accident or mistake, (2) while operating a motor vehicle, (3) in a public place, (4) while
intoxicated, (5) by reason of that intoxication, (6) caused serious bodily injury to another.



See Tex. Penal Code Ann. § 49.07(a)(1) (Vernon 2003). See also Ex parte Watson, __
S.W.3d __, 2009 WL 1212565, *3 (Tex.Crim.App. 2009) (examining elements of
intoxication assault). “Intoxicated” means not having the normal use of mental or physical
faculties by reason of the introduction of alcohol, or having an alcohol concentration of 0.08
or more. See Tex. Penal Code Ann. § 49.01(2)(A), (B) (Vernon 2003). Appellant’s
argument on appeal focuses on the evidence of his intoxication.
          A factual sufficiency review considers whether the evidence supporting guilt, though
legally sufficient, is so weak that the jury’s verdict seems clearly wrong and manifestly
unjust, or evidence contrary to the verdict is such that the jury’s verdict is against the great
weight and preponderance of the evidence. Grotti v. State, 273 S.W.3d 273, 283
(Tex.Crim.App. 2008); Marshall v. State, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006);
Watson v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006). In a factual sufficiency
review, we consider all the evidence, in a neutral light. Grotti, 273 S.W. 3rd at 283;
Marshall, 210 S.W.3d at 625; Watson, 204 S.W.3d at 414. Although an appellate court’s
authority to review factual sufficiency permits the court to disagree with the fact finder’s
determinations, even to a limited degree those concerning the weight and credibility of the
evidence, the appellate court must accord them due deference. Marshall, 210 S.W.3d at
625; Johnson v. State, 23 S.W.3d 1, 9 (Tex.Crim.App. 2000). See also Steadman v. State,
280 S.W.3d 242, 246-47 (Tex.Crim.App. 2009). When there is a conflict in the evidence,
to find it factually insufficient we must first be able to say, with some objective basis in the
record, that the great weight and preponderance of all the evidence contradicts the jury’s
verdict. Watson, 204 S.W.3d at 417. We must also discuss the evidence that, according
to the appellant, most undermines the jury's verdict. Laster v. State, 275 S.W.3d 512, 518
(Tex.Crim.App. 2009); Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App.2003).
          We find the evidence factually sufficient to prove appellant operated the Cavalier
while intoxicated. The State presented testimony from the regional laboratory manager
with the Texas Department of Public Safety Crime Lab, regarding appellant’s blood alcohol
concentration. The manager testified that his test of the sample of appellant’s blood
yielded a blood alcohol of 0.15 grams per 100 milliliters of blood, a level above the 0.08
legal level. Appellant does not challenge on appeal the evidence his blood alcohol level
at the time the sample was taken was almost double the 0.08 legal limit, nor does he
challenge the probative value of that evidence to establish he was intoxicated while he
drove.
          Appellant focuses his attack on the evidence he had lost the normal use of his
mental or physical faculties by reason of introduction of alcohol into his body. The State’s
evidence included appellant’s female passenger’s testimony at trial that she and appellant
had been drinking at a friend’s house the hour before the accident. She also testified that
she thought appellant was intoxicated. The responding police officer testified he detected
a strong odor of an alcoholic beverage coming from appellant’s breath. He also testified
that appellant admitted to drinking five beers and one “shot” prior to the accident. The
officer testified he saw that appellant’s eyes were glassy and bloodshot and his speech
was slightly slurred. The officer agreed that his report mentioned that the beer can shown
in the photograph presented at trial was cold at the time he arrived on the scene. The
officer also testified that he observed a mixed alcoholic drink in the same console of the
car. The officer further testified regarding the standard field sobriety tasks he administered
to appellant and to appellant’s poor performance on those tasks. A patrol car video
showing the administration of these tests was also presented. The officer opined that
appellant was intoxicated and alcohol caused the intoxication. The testimony of a police
officer that an individual is intoxicated is probative evidence of intoxication. Henderson v.
State, 29 S.W.3d 616, 622 (Tex.App.–Houston [1st Dist.] 2000, pet. ref’d). Further, a blood
alcohol level beyond the legal limit, such as appellant’s, is probative evidence of a person’s
loss of his faculties. Id., citing Daricek v. State, 875 S.W.2d 770, 773 (Tex.App.–Austin
1994, pet. ref’d).
          As evidence contrary to the jury’s verdict, appellant points to evidence another
vehicle was involved in the accident. The passenger testified that while she and appellant
were driving, a white work truck “kept bumping our car” in the back, eventually hitting them
hard enough to cause their car to turn and wreck. The police officer testified appellant
initially told him that a “small dark colored sport utility vehicle had begun harassing them
as they drove home” and rammed them from behind, intentionally running them off the
road. Appellant later told the officer that he was trying to get away from the other vehicle
and that in doing so, he hit a tree or a curb.
          The trier of fact is the sole judge of the credibility of witnesses and may believe or
disbelieve any part of a witness’s testimony. Gaines v. State, 874 S.W.2d 733, 734
(Tex.App.–Houston [1st Dist.] 1994, no pet.). Further, the trier of fact may believe a witness
even though his testimony is contradicted. Sharp v. State, 707 S.W.2d 611, 614
(Tex.Crim.App. 1986); Gaines, 874 S.W.2d at 735. The jury here was free to disbelieve
the testimony that another vehicle hit the Cavalier from behind. The police officer testified
he did not think the Cavalier was hit by another vehicle. He said there was damage to the
Cavalier’s front passenger door but no recent damage to the rear of the vehicle. He said
the damage that was present on the rear of the car appeared to be old, as it was covered
in road grime. He also testified during re-direct that the passenger told him she did not
remember being chased or hit by another vehicle but appellant told her that they had been
hit.
          Appellant also points to the police officer’s testimony that it was windy when he
administered the field sobriety tasks and that wind conditions may affect a person’s ability
to perform on the tests. He also argues the verdict is contradicted by the officer’s
testimony that after finding tree bark embedded in the Cavalier, the officers tried
unsuccessfully to find a tree that had been damaged or had white paint on it.
          Lastly, we note that appellant seems to advance the argument that the State’s proof
suggests only that he was intoxicated and was involved in a car accident, but does not
prove he was involved in the accident because he was intoxicated. This argument also
relies on the statements of appellant and his passenger regarding the involvement of a
second vehicle. As noted, we find the jury rationally could have discounted those
statements. Instead, the jury rationally could have accepted the opinion of the officer that
“the accident was the direct result of [appellant] operating the vehicle while intoxicated.”
          Having considered all the evidence in a neutral light, we find that appellant has
shown, at most, that the evidence conflicted with respect to whether his intoxication caused
the accident. The State’s evidence was not so weak that the jury’s verdict seems clearly
wrong and manifestly unjust. A verdict is not manifestly unjust simply because the jury
resolved conflicting views of the evidence in favor of the State. Cain v. State, 958 S.W.2d
404, 410 (Tex.Crim.App. 1997). Nor do we find that the great weight and preponderance
of all the evidence contradicts the jury’s verdict. Watson, 204 S.W.3d at 417. Accordingly,
we overrule appellant’s two issues and affirm the judgment of the trial court.
 
James T. Campbell

Justice



 

Do not publish.