NO. 07-07-0367-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 25, 2009
_____

ADRIAN M. RIVERA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-413632; HON. BRADLEY S. UNDERWOOD, PRESIDING
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Adrian M. Rivera appeals from his conviction of the offense of intoxication assault and the resulting sentence of imprisonment for a period of fifteen years in the Institutional Division of the Texas Department of Criminal Justice.  Via two points of error, appellant contends the evidence was factually insufficient to support his conviction.  We affirm.

Background

Appellant's 2006 indictment charging him with intoxication assault with a vehicle[1] also included an enhancement paragraph setting forth appellant's previous final felony conviction.[2] Following appellant's plea of not guilty, the case was tried to a jury.

At trial, evidence was presented to show that on January 1, 2006, appellant and a female companion were celebrating New Year's and drinking alcohol. Appellant and the female left one house and headed to another, appellant driving her white Chevrolet Cavalier, consuming alcohol while driving. During this drive, appellant lost control of the vehicle and hit an unidentified object.[3] As a result of the collision, his female passenger's arm was severely broken and bleeding.[4]

Appellant continued to drive and sought help from passers-by. Emergency services were subsequently requested. While interviewing appellant, the responding officer noticed a strong odor of an alcoholic beverage coming from appellant's breath, glassy bloodshot

---

[1] *See* Tex. Penal Code Ann. § 49.07 (Vernon 2007).

[2] At trial, appellant plead "true" to the enhancement paragraph and his punishment range was enhanced from a third degree felony to a second degree felony pursuant to Section 12.42 of the Penal Code. Tex. Penal Code Ann. § 12.42 (Vernon 2007). A person found guilty of a second degree felony is subject to imprisonment for any term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (Vernon 2003).

[3] There is some indication in the passenger's testimony at trial that she believed the car ran into a fence. However, a police officer testified the material he documented when he responded to the accident was consistent with tree bark rather than a fence.

[4] According to the passenger's testimony, her arm "almost fell off."

eyes and slurred speech. The officer conducted standard field sobriety tasks and determined appellant was intoxicated. A specimen of appellant's blood was taken on his arrival at the hospital and the results of the test showed he had a blood alcohol concentration of 0.15 grams of alcohol per 100 milliliters of blood.

Analysis

In appellant's two issues, he argues the evidence presented at trial was factually insufficient to prove beyond a reasonable doubt that on or about January 1, 2006, he operated a motor vehicle in a public place while intoxicated by having a blood alcohol concentration of 0.08 or more or by not having the normal use of mental or physical faculties by reason of introduction of alcohol into his body. To establish that appellant committed the offense of intoxication assault, the State had to demonstrate that he, (1) by accident or mistake, (2) while operating a motor vehicle, (3) in a public place, (4) while intoxicated, (5) by reason of that intoxication, (6) caused serious bodily injury to another.[5] *See* Tex. Penal Code Ann. § 49.07(a)(1) (Vernon 2003). *See also Ex parte Watson,* __ S.W.3d __, 2009 WL 1212565, *3 (Tex.Crim.App. 2009) (examining elements of intoxication assault). "Intoxicated" means not having the normal use of mental or physical faculties by reason of the introduction of alcohol, or having an alcohol concentration of 0.08 or more. *See* Tex. Penal Code Ann. § 49.01(2)(A), (B) (Vernon 2003). Appellant's argument on appeal focuses on the evidence of his intoxication.

---

[5] Appellant does not challenge on appeal any of the other elements of the offense for which he was convicted. Specifically, he does not contest the sufficiency of the evidence his female passenger suffered serious bodily injury.

3

A factual sufficiency review considers whether the evidence supporting guilt, though legally sufficient, is so weak that the jury's verdict seems clearly wrong and manifestly unjust, or evidence contrary to the verdict is such that the jury's verdict is against the great weight and preponderance of the evidence. *Grotti v. State,* 273 S.W.3d 273, 283 (Tex.Crim.App. 2008); *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006)*; Watson v. State*, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006). In a factual sufficiency review, we consider all the evidence, in a neutral light. *Grotti,* 273 S.W. 3rd at 283; *Marshall*, 210 S.W.3d at 625; *Watson*, 204 S.W.3d at 414. Although an appellate court's authority to review factual sufficiency permits the court to disagree with the fact finder's determinations, even to a limited degree those concerning the weight and credibility of the evidence, the appellate court must accord them due deference. *Marshall*, 210 S.W.3d at 625; *Johnson v. State*, 23 S.W.3d 1, 9 (Tex.Crim.App. 2000). *See also Steadman v. State,* 280 S.W.3d 242, 246-47 (Tex.Crim.App. 2009). When there is a conflict in the evidence, to find it factually insufficient we must first be able to say, with some objective basis in the record, that the great weight and preponderance of all the evidence contradicts the jury's verdict. *Watson*, 204 S.W.3d at 417. We must also discuss the evidence that, according to the appellant, most undermines the jury's verdict. *Laster v. State,* 275 S.W.3d 512, 518 (Tex.Crim.App. 2009); *Sims v. State,* 99 S.W.3d 600, 603 (Tex.Crim.App.2003).

We find the evidence factually sufficient to prove appellant operated the Cavalier while intoxicated. The State presented testimony from the regional laboratory manager with the Texas Department of Public Safety Crime Lab, regarding appellant's blood alcohol concentration. The manager testified that his test of the sample of appellant's blood

4

yielded a blood alcohol of 0.15 grams per 100 milliliters of blood, a level above the 0.08 legal level. Appellant does not challenge on appeal the evidence his blood alcohol level at the time the sample was taken was almost double the 0.08 legal limit, nor does he challenge the probative value of that evidence to establish he was intoxicated while he drove.

Appellant focuses his attack on the evidence he had lost the normal use of his mental or physical faculties by reason of introduction of alcohol into his body. The State's evidence included appellant's female passenger's testimony at trial that she and appellant had been drinking at a friend's house the hour before the accident. She also testified that she thought appellant was intoxicated. The responding police officer testified he detected a strong odor of an alcoholic beverage coming from appellant's breath. He also testified that appellant admitted to drinking five beers and one "shot" prior to the accident. The officer testified he saw that appellant's eyes were glassy and bloodshot and his speech was slightly slurred. The officer agreed that his report mentioned that the beer can shown in the photograph presented at trial was cold at the time he arrived on the scene. The officer also testified that he observed a mixed alcoholic drink in the same console of the car. The officer further testified regarding the standard field sobriety tasks he administered to appellant and to appellant's poor performance on those tasks. A patrol car video showing the administration of these tests was also presented. The officer opined that appellant was intoxicated and alcohol caused the intoxication. The testimony of a police officer that an individual is intoxicated is probative evidence of intoxication. *Henderson v. State,* 29 S.W.3d 616, 622 (Tex.App.–Houston [1st Dist.] 2000, pet. ref'd). Further, a blood

alcohol level beyond the legal limit, such as appellant's, is probative evidence of a person's loss of his faculties. *Id., citing Daricek v. State,* 875 S.W.2d 770, 773 (Tex.App.–Austin 1994, pet. ref'd).

As evidence contrary to the jury's verdict, appellant points to evidence another vehicle was involved in the accident. The passenger testified that while she and appellant were driving, a white work truck "kept bumping our car" in the back, eventually hitting them hard enough to cause their car to turn and wreck. The police officer testified appellant initially told him that a "small dark colored sport utility vehicle had begun harassing them as they drove home" and rammed them from behind, intentionally running them off the road. Appellant later told the officer that he was trying to get away from the other vehicle and that in doing so, he hit a tree or a curb.

The trier of fact is the sole judge of the credibility of witnesses and may believe or disbelieve any part of a witness's testimony. *Gaines v. State,* 874 S.W.2d 733, 734 (Tex.App.–Houston [1st Dist.] 1994, no pet.). Further, the trier of fact may believe a witness even though his testimony is contradicted. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App. 1986); *Gaines,* 874 S.W.2d at 735. The jury here was free to disbelieve the testimony that another vehicle hit the Cavalier from behind. The police officer testified he did not think the Cavalier was hit by another vehicle. He said there was damage to the Cavalier's front passenger door but no recent damage to the rear of the vehicle. He said the damage that was present on the rear of the car appeared to be old, as it was covered in road grime. He also testified during re-direct that the passenger told him she did not

6

remember being chased or hit by another vehicle but appellant told her that they had been hit.

Appellant also points to the police officer's testimony that it was windy when he administered the field sobriety tasks and that wind conditions may affect a person's ability to perform on the tests. He also argues the verdict is contradicted by the officer's testimony that after finding tree bark embedded in the Cavalier, the officers tried unsuccessfully to find a tree that had been damaged or had white paint on it.

Lastly, we note that appellant seems to advance the argument that the State's proof suggests only that he was intoxicated and was involved in a car accident, but does not prove he was involved in the accident because he was intoxicated. This argument also relies on the statements of appellant and his passenger regarding the involvement of a second vehicle. As noted, we find the jury rationally could have discounted those statements. Instead, the jury rationally could have accepted the opinion of the officer that "the accident was the direct result of [appellant] operating the vehicle while intoxicated."

Having considered all the evidence in a neutral light, we find that appellant has shown, at most, that the evidence conflicted with respect to whether his intoxication caused the accident. The State's evidence was not so weak that the jury's verdict seems clearly wrong and manifestly unjust. A verdict is not manifestly unjust simply because the jury resolved conflicting views of the evidence in favor of the State. *Cain v. State,* 958 S.W.2d 404, 410 (Tex.Crim.App. 1997). Nor do we find that the great weight and preponderance

7

of all the evidence contradicts the jury's verdict.  *Watson*, 204 S.W.3d at 417.  Accordingly, we overrule appellant's two issues and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.