**Opinion issued July 22, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-13-00981-CR**

———————————

**MICHAEL SHANE SANDERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 68776**

---

## MEMORANDUM OPINION

Appellant, Michael Shane Sanders, was charged by indictment with possession of methamphetamine, enhanced by a prior felony conviction.[1] Appellant pleaded no contest to the drug possession charge and true to the

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), .115(a), (d) (Vernon 2010).

enhancement. The jury found true that appellant used or exhibited a deadly weapon during the commission of the offense of drug possession. In one issue on appeal, Appellant argues that the evidence was insufficient to support this finding.

We affirm.

## Background

On June 16, 2012, Appellant was driving ten miles over the speed limit on State Highway 35 in Brazoria County. Trooper M. Cantu saw Appellant speeding and pulled Appellant over. Trooper Cantu smelled marijuana smoke as the windows in Appellant's truck were rolled down. He instructed Appellant to get out of the truck, and Appellant complied. Appellant admitted to having smoked marijuana. Appellant consented to a pat down. During the search, Trooper Cantu found a glass pipe in Appellant's pocket. The glass pipe had a white residue in it. Appellant told him that the residue was methamphetamine.

Trooper Cantu placed Appellant under arrest and instructed Appellant's girlfriend—Katie Weldon—and their children to get out of the truck. After everyone was secured, Trooper Cantu searched Appellant s' truck. He found a blue case under the driver's seat. The case contained, among other things, 37.7 grams of methamphetamine. Appellant admitted that the methamphetamine was his. Trooper Cantu also found a .45 handgun inside the center console of the truck.

Appellant recognized the handgun as one belonging to a friend of his, but denied knowing the handgun was in the truck.

Appellant's defensive theory at trial was that the handgun belonged to a friend of his, that he had lent his friend the truck on occasion, and that Appellant did not know that the handgun had been placed in the truck. Weldon testified, however, that she had observed Appellant give his friend a generator or air compressor in exchange for the gun and that, after the exchange, the gun was Appellant's.

Additionally, the State presented testimony from Officer J. Lobo with the Friendswood Police Department. Officer Lobo testified that he pulled Appellant over almost four months later. Appellant admitted that he was driving without a license because his license had been previously revoked. In a search of the car, Officer Lobo found a handgun in a bag on the floor of the driver's side of the car. Appellant admitted that the handgun was his.

## Sufficiency of the Evidence

In his sole issue on appeal, Appellant argues that the evidence was insufficient to support the jury's finding that he used or exhibited a deadly weapon during the commission of the offense of drug possession.

**A.  Standard of Review**

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under a single standard of review. *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013) (citing *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)).  This standard of review is the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013).  Pursuant to this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt.  *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  We can hold evidence to be insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt.  *See Jackson*, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *see also Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750.

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). An appellate court presumes that the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. Finally, the "cumulative force" of all the circumstantial evidence can be sufficient for a jury to find the accused guilty beyond a reasonable doubt. *See Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

**B.    Analysis**

Section 508.145 of the Texas Government Code governs a prison inmate's eligibility for release on parole. TEX. GOV'T CODE ANN. § 508.145 (Vernon Supp. 2013). Unless another provision or statute prevents its application, an inmate is generally "eligible for release on parole when the inmate's actual calendar time served plus good conduct time equals one-fourth of the sentence imposed or 15

years, whichever is less." *Id.* § 508.145(f). For Appellant's conviction in this matter, his eligibility for parole under this subsection would be 3.5 years, less any good-conduct time attained.

The finding that Appellant used or exhibited a deadly weapon during the commission of the offense of drug possession, however, effects his eligibility for parole.

> An inmate serving a sentence for . . . an offense for which the judgment contains an affirmative finding under Section 3g(a)(2) of [Article 42.12 of the Texas Code of Criminal Procedure] . . . is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less . . . ."

*Id.* § 508.145(d)(1). Section 3g(a)(2) of article 42.12 of the Texas Code of Criminal Procedure excludes the option of judge-ordered community supervision "when it is shown that a deadly weapon as defined in Section 1.07, Penal Code, was used or exhibited during the commission of a felony offense, and that the defendant used or exhibited the deadly weapon . . . ." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (Vernon 2006). For his conviction in this matter, Appellant's eligibility for parole with the deadly weapon finding is seven years regardless of good-conduct time attained.

It is undisputed that the .45 handgun found inside the truck is a deadly weapon. It is further undisputed that Appellant did not exhibit the handgun at any point. The critical issue for this appeal, then, is whether there is sufficient

evidence to establish that Appellant used the deadly weapon in the commission of the offense. Appellant argues the evidence is insufficient because he did not know that the weapon was in the truck.

There is certainly some evidence in the record to support Appellant's claim that he did not know the gun was in the truck. There is also evidence, however, indicating that Appellant did know the gun was in the truck. Contrary to his assertion that the gun belonged to a friend that had recently borrowed the truck, Appellant's girlfriend testified that Appellant had purchased the gun from the friend in exchange for a generator or air compressor. From this evidence, the jury could have reasonably determined that the gun was Appellant's and that he knew that his gun was in the truck. *See Gear v. State*, 340 S.W.3d 743, 747 (Tex. Crim. App. 2011) (holding fact finder may consider defendant's untruthful statements as affirmative evidence of guilt).

Appellant argues that his subsequent stop by Officer Lobo bolsters his argument that he did not know about the gun the first time. When Officer Lobo found the gun in his car, Appellant admitted that the gun was his. Appellant asserts that his admission that the gun was his the second time he was pulled over reinforces his claim that he did not know there was a gun in the truck the first time he was pulled over. Appellant also asserts that, because he did not have any drugs in the car the second time he was pulled over, this establishes that his possession of

the gun the first time was merely simultaneous possession of a weapon and drugs and not using the gun to facilitate the possession.

"[W]hen a defendant possesses both guns and drugs, a jury may make a deadly-weapon finding even though he did not overtly use or brandish a gun because the weapon reasonably could have 'protected and facilitated [the defendant's] care, custody, and management of the contraband.'" *Plummer v. State*, 410 S.W.3d 855, 859 (Tex. Crim. App. 2013) (quoting *Patterson v. State*, 769 S.W.2d 938, 941–42 (Tex. Crim. App. 1989)); *accord Henton v. State*, 893 S.W.2d 165, 168 (Tex. App.—Houston [1st Dist.] 1995, no pet.). It is the province of the jury to weigh the evidence and draw the reasonable inferences. *Jackson*, 443 U.S. at 319, 99 S. Ct. 2781. If the jury's inferences are reasonable, we may not overturn them. *See id.* at 326, 99 S. Ct. at 2793. Appellant's arguments amount to pointing out certain inferences the jury could have drawn from the evidence. Pointing out one inference does not establish, however, that all other inferences are unreasonable. We find no flaw in the inferences the jury drew from the evidence. Accordingly, we hold there is sufficient evidence to support the jury's determination that Appellant used a gun in the commission of his drug possession offense.

We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Justice Sharp, dissenting from the judgment with opinion to follow.

Do not publish.  TEX. R. APP. P. 47.2(b).

9